No. 45,955

JOHN S. HALEY, *Plaintiff-appellant,* v. JAMES W. HERSHBERGER, *Defendant-appellee.*

STUART G. HAZARD, *Plaintiff-appellant,* v. JAMES W. HERSHBERGER, *Defendant-appellee.*

KARL W. STOCK, *Plaintiff-appellant,* v. JAMES W. HERSHBERGER, *Defendant-appellee.*

JOSEPH D. BECK, *Plaintiff-appellant,* v. JAMES W. HERSHBERGER, *Defendant-appellee.*

(485 P. 2d 1321)

Opinion filed June 12, 1971.

*Carl L. Wettig,* of Wichita, argued the cause, and *Ronald K. Badger,* of Wichita, was with him on the brief for appellants.

*H. E. Jones,* of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: On June 15, 1967, three cases were filed separately by the respective plaintiffs, John S. Haley, Stuart G. Hazard, and Karl W. Stock, against the defendant, James W. Hershberger. On

July 20, 1967, the fourth case was filed by plaintiff, Joseph D. Beck, against the same defendant.

The events giving rise to these cases began in November, 1964, at which time plaintiffs Hazard, Stock, and Beck were contacted by the defendant who offered to sell certain oil and gas leasehold interests in land located in West Virginia. Similar contracts were offered to plaintiff Haley during February, 1965. Hazard invested $86,000 in thirteen gas wells drilled by the defendant during the period from December, 1964, through May, 1965. Haley invested $7,700 in two oil wells drilled during the period from May through July, 1965. Beck invested $24,000 in six gas wells drilled during the period of December, 1964, through May, 1965. Stock invested $40,000 in eight gas wells drilled during the same period. The plaintiffs alleged the defendant represented that the wells were very successful, and would produce large volumes of gas. In August and September, 1965, Hazard, Beck, and Stock received checks for the sale of gas from wells first connected to the pipeline. From September to December, 1965, other gas wells were connected to the pipeline and initial run checks were received by the plaintiffs.

The first three counts of each petition were substantially the same, alleging misrepresentation in Count 1, negligence in Count 2, and rescission in Count 3. Counts 4 and 5 of the Haley petition alleged sale of unregistered securities. Count 4 of the Hazard and Stock petitions alleged breach of warranty.

The defendant's answer admitted the respective payments made by the plaintiffs, but denied all allegations of liability. The statute of limitations for each such count is two years. (K. S. A. 60-513.)

In the three cases filed June 15, 1967, the plaintiffs instructed that service of process be made upon Hershberger as follows: In the Haley case, by service at his office; in the Hazard case, by service upon him at the central YMCA Branch between 12:00 noon and 1:00 p. m. and in the Stock case, by service upon him at his home in Wichita.

On June 19, the summonses were returned showing the sheriff received them on June 16, 1967, and served the same on that date by leaving a copy of the summons and a copy of the petition in each case personally with Hershberger at 10:30 a. m. In the Beck case, filed July 20, 1967, the return on the service of summons showed the sheriff received the summons on July 20, 1967, and on August 14, 1967, he served Hershberger by leaving a copy of the summons

and a copy of the petition, "with Mrs. Berenice Mitchell-Secretary-Hershberger Oil Company, suite 807, 1st National Bank Bldg. 9:40 a. m."

As hereafter indicated, various orders established the time for the defendant to answer or otherwise plead in all cases. Discovery proceedings by the plaintiffs and the defendant were promptly instituted, including the taking of various depositions and motions for producing and copying of documents, which were completed on November 28, 1967, by the defendant taking Beck's deposition.

It was jointly stipulated by the parties in open court that the defendant would have twenty days to answer after the taking of Beck's deposition.

On December 18, 1967, and in accordance with the order of the district court, Hershberger filed his answer in each of the four cases. In each case, among other defenses alleged, the ninth defense was as follows:

"By fully answering herein, defendant does not waive and hereby specifically reserves and relies upon the following defenses: lack of jurisdiction over the person of this defendant; *insufficiency of process; insufficiency of service of process;* the failure of the Petition to state a claim upon which relief can be granted; and failure to join an indispensable party."

Hershberger's motion to dismiss for lack of jurisdiction over his person because of the insufficiency of process, and the insufficiency of service of process, was based upon the fact the original summonses were delivered to Hershberger's secretary, Mrs. Berenice Mitchell, at the office of the Hershberger Oil Company, First National Bank Building, Wichita. The plaintiffs concede that fact. Likewise, in the Beck case, the return on the original summons showed that service was made upon Hershberger by leaving a copy of the summons and the petition with his secretary, Mrs. Mitchell. Accordingly, and on June 10, 1968, the district court sustained Hershberger's motion, and dismissed the petitions.

On April 4, 1968, the plaintiffs in each case obtained personal service on Hershberger by service of alias summons. Hershberger's motion for summary judgment upon the ground that on April 4, 1968, the causes of action stated in each of the four petitions were barred by the statute of limitations, was sustained by the district court on February 3, 1969.

On February 28, 1969, the plaintiffs in all cases filed notices of appeal from the district court's order of February 3, 1969, entering summary judgment against the plaintiffs.

Later, and on July 8th and 9th, 1969, the plaintiffs in all cases filed amendments to their notices of appeal, purporting to specify for appellate review, the district court's order of June 10, 1968, sustaining Hershberger's motion dismissing the petitions because of insufficiency of process, and the insufficiency of service of process.

Hershberger's motion to dismiss the plaintiffs' amendments to their notices of appeal for failure to comply with Rule No. 6 (*p*) of the rules of this court, was sustained by the district court on August 22, 1969.

The plaintiffs concede the statute of limitations had run prior to December 18, 1967, when Hershberger answered, but assert that the district court made no finding as to the exact date the statute of limitations ran, instead, the district court held that since the causes of action were only first properly commenced by alias summonses served on April 4, 1968, their causes of action were barred inasmuch as they accrued more than two years prior to that date. Thus, they argue for the purposes of this appeal, any showing by them that the causes of action were properly commenced prior to April 4, 1968, requires a reversal of the district court, and advance several reasons why personal jurisdiction was acquired over Hershberger prior to April 4, 1968—first, the sheriff's return showing personal service on Hershberger was conclusive on the parties; second, the service of summons substantially complied with K. S. A. 60-304 (*a*), and third, the conduct of the defendant prior to raising any issue over personal jurisdiction waived such defenses.

Considering the plaintiffs' first alleged error, we are of the opinion there is no merit in the contention that where the sheriff's return shows personal service, it is conclusive on the parties and cannot be impeached. K. S. A. 60-212 (*b*) provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . (4) insufficiency of process; (5) insufficiency of service of process . . ."

Little purpose would be served in permitting a defendant to assert insufficiency of service of process, if he were prohibited from presenting facts to establish the claim.

The plaintiffs rely on *Goddard v. Harbour*, 56 Kan. 744, 44 Pac. 1055, and related cases. The case is not in point. In *Goddard* an attempt was made to challenge the veracity of the sheriff's return

in a collateral proceeding after judgment had been rendered. The opinion makes this quite clear by stating

". . . It is not necessary now to inquire how far the court may go in setting aside a service when challenged in the suit in which it is made before judgment . . ." (l. c. 747.)

We think *Goddard* specifically eliminated the question before the court in the instant case. The general rule that a sheriff's return of summons may not be impeached by oral testimony *after judgment* as to matters therein recited, which were clearly within the sheriff's personal knowledge (*Kackley State Bank v. Nichols,* 162 Kan. 648, 179 P. 2d 186), has no application in a case where the sheriff's return is challenged *before judgment.*

While there is an irreconcilable conflict of authority on the question of the conclusiveness of a return of process, this court is of the opinion the rule announced in 72 C. J. S., Process, § 100, p. 1141, is most nearly in accord with the liberal provisions of the Kansas Code of Civil Procedure. The rule reads:

". . . In a number of jurisdictions the more liberal rule prevails that, while a return of process is strong or at least prima facie evidence of the facts stated therein, as discussed supra § 99, it is not conclusive, even as to parties and their privies, but may be rebutted or impeached, unless, it has been said, the rights of third persons have intervened."

The plaintiffs next contend that a service of summons substantially complies with K. S. A. 60-304 (*a*) where the defendant receives actual notice of the pending action. K. S. A. 60-304 (*a*) provides in part:

"Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the petition to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process . . ."

Leaving a copy of the petition and summons with the secretary of the defendant is not substantial compliance with any of the provisions mentioned for personal service. The secretary was not an authorized agent to receive service of process. (*Briscoe v. Getto,* 204 Kan. 254, 462 P. 2d 127.)

This court has held that jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance. (*Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 227, 217 P. 2d 1070, and cases cited therein.)

The plaintiffs place great stress upon K. S. A. 60-204 which provides, insofar as here material, the following:

". . . In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his person, status or property were subject to being affected."

The statute was applied in *Briscoe v. Getto*, supra, and the point was decided contrary to the plaintiffs' contentions. This court said:

"This is a case of first impression and we find no precedent to guide us. However, as we read the statute it seems clear that new methods of service were not anticipated. There must first be substantial compliance with some statutory method of service. Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending, etc.

"The appellants were attempting personal service under K. S. A. 1967 Supp. 60-304 (*a*). In order to effect service of process directed to a natural person, the summons must be personally served on such person, or left at his dwelling house or usual place of abode with some person of suitable age and discretion, or served upon an agent authorized by appointment or law, or upon special order of the trial court by leaving a copy of the summons at his dwelling house or usual place of abode.

"There is no provision for service of summons by leaving a copy with the secretary of the person to be served or by leaving a copy at the place of business of the person to be served. Such new method of service cannot be originated by K. S. A. 60-204.

"There was no method of statutory service that was substantially complied with. The provision for ignoring irregularities or omissions, if the trial court finds that the party was aware that an action or proceeding was pending in a specified court in which his person, status or property was subject to being affected, was not brought into operation." (l. c. 257.)

See, also, *Thompson-Kilgariff General Insurance Agency, Inc. v. Haskell,* 206 Kan. 465, 479 P. 2d 900, where the foregoing rule was applied and followed.

The plaintiffs contend that Hershberger's conduct prior to raising any issue over personal jurisdiction waived the defense of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. The conduct of Hershberger referred to by the plaintiffs relates to motions in the Beck case for an order entered September 19, 1967, extending the time to plead until after completion of Beck's deposition, and to a motion for an order entered October 16, 1967, covering all four cases extending the time to plead until twenty days following Hershberger's conclusion of the last deposition of the four plaintiffs.

Hershberger's extensions of time were obtained in a timely and orderly manner. As indicated, his answers were filed within twenty days after the conclusion of his taking Beck's deposition, all in accordance with the district court's order. The question for the court's determination is, did the filing of the motions for extension of time to answer, the taking of discovery depositions, and the commencement of proceedings for inspection and copying of documents, constitute a waiver of the defense of insufficiency of process and insufficiency of service of process? We are of the opinion they did not. K. S. A. 60-212 has abolished the old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. The defense of lack of jurisdiction of the person is waived only when it is not raised by motion or in the answer itself. This is clearly stated by the express terms of K. S. A. 60-212 (*h*). The defense is then waived not because of defendant's voluntary appearance, but because of the failure to assert the defense within the time prescribed by the rules.

Preliminary motions which do not constitute a defense or go to the merits of the action do not constitute a waiver. In *Small v. Small*, 195 Kan. 531, 407 P. 2d 491, this court considered the question now presented, and in considering waiver of lack of jurisdiction of the person, it said:

"The defense of lack of jurisdiction may be asserted by motion with other defenses without waiving the objection. (*Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F. 2d 871, cert. den. 322 U. S. 740, 64 S. Ct. 1057, 88 L. Ed. 1573.)

"The old distinction between a general and special appearance loses its significance under K. S. A. 60-212 (*b*) as a party may plead to the merits and at the same time contest jurisdiction over his person. The purpose of the provisions is to permit the combining of an objection to the jurisdiction with pleadings on the merits without the old ritual of first entering a special appearance. (*United States v. Balanovski*, 236 F. 2d 298, cert. den. 352 U. S. 968, 1 L. ed. 2d 322, 77 S. Ct. 357, reh. den. 352 U. S. 1019, 1 L. ed. 2d 561, 77 S. Ct. 555.) . . ." (l. c. 538.)

See, also, *Panhandle Eastern Pipe Line Company v. Brecheisen*, 323 F. 2d 79.

The following is a comment in 1 A Barron & Holtzoff, Federal Practice and Procedure, § 370, p. 527, with respect to Federal Rule of Civil Procedure No. 12, from which K. S. A. 60-212 was taken:

"A motion for extension of time to answer. . . does not waive objec-

tions or defenses, nor may extensions of time to take depositions before answer be regarded as a waiver of objections to venue or jurisdiction of the person."

This court concludes that, as did the district court, the statute of limitations had run against the claims of plaintiffs before jurisdiction was legally obtained over the person of the defendant.

The foregoing conclusion makes it unnecessary to determine Hershberger's challenge to the plaintiffs' right to appeal.

The judgment is affirmed.