No. 50,654

DOROTHEA MAE BRAY and ROBERT BRAY, *Appellants,* v. HUGH G. BAYLES and RALPH N. SUMNER, *Appellees.*

(618 P.2d 807)

Opinion filed November 1, 1980.

*Charles W. Harris,* of Curfman, Harris, and Weigand, of Wichita, argued the cause, and *Brian G. Grace,* of the same firm, and *Jack Scott McInteer,* of Wichita, and *John F. Eberhardt,* of Foulston, Siefkin, Powers, and Eberhardt, of Wichita, were with him on the briefs for the appellants.

*Shirley W. Keller,* of Blackwell, Sanders, Matheny, Weary, and Lombardi, of Kansas City, Missouri, argued the cause, and *William H. Sanders,* of the same firm, and *Steven W. Rogers,* of Fredonia, were with her on the briefs for the appellee Hugh G. Bayles.

*Richmond M. Enochs,* of Wallace, Saunders, Austin, Brown, and Enochs, of Overland Park, argued the cause, and *Daniel P. Hanson,* of the same firm, was with him on the briefs for the appellee Ralph N. Sumner.

The opinion of the court was delivered by

PRAGER, J.: This appeal is before the Supreme Court following the granting of a petition for review of a decision of the Court of Appeals which upheld the judgment of the district court determining that plaintiffs' claim in a medical malpractice action was

barred by the statute of limitations. The opinion of the Court of Appeals may be found in *Bray v. Bayles,* 4 Kan. App. 2d 596, 609 P.2d 1146 (1980).

The essential facts are undisputed and are set forth in detail in that opinion. The action was brought by the plaintiffs to recover damages for medical malpractice against the defendants, Hugh G. Bayles, M.D. and Ralph N. Sumner, M.D. The claimed acts of negligence allegedly occurred on March 6, 1976, in the treatment of complications arising in connection with the birth of a child to the plaintiff, Dorothea Mae Bray. Mrs. Bray suffered severe personal injuries and disabilities. In October of 1976, the plaintiffs, Dorothea Mae Bray and, her husband, Robert Bray, filed a medical malpractice action against Dr. Bayles alone in Sedgwick County. Dr. Bayles was personally served in Wilson County. On defendant Bayles's motion, venue of the action was transferred to Wilson County. Thereupon, the plaintiffs dismissed the first action without prejudice over defendant's objection. On October 26, 1977, plaintiffs filed a second action in Greenwood County where plaintiffs resided. In that action, Dr. Sumner was joined with Dr. Bayles as a defendant. The plaintiffs were unable to obtain personal service on the defendants in Greenwood County. Both defendants were residents of and practiced medicine at Fredonia in Wilson County.

On February 13, 1978, the summonses were mailed by plaintiffs' counsel to Wilson County for personal service of process on the two doctors. On February 15, 1978, the Wilson County Sheriff served Dr. Bayles by leaving a copy of the summons and petition with Dr. Bayles's receptionist at his office. On the same day, the sheriff served Dr. Sumner by leaving a copy of the summons and petition with his secretary at his office. The return of service on the summons for both doctors was identical, except for the name, and indicated that service had been obtained by leaving the summons at each doctor's office. On February 23, 1978, Dr. Bayles filed a consolidated motion under K.S.A. 60-212(*b*), requesting a change of venue, and dismissal of the petition for failure to state a claim upon which relief may be granted, or in the alternative for a more definite statement. The sufficiency of the service of process was not challenged by Dr. Bayles. Attached to the motion, was Dr. Bayles's affidavit stating that he had been "served with summons of process in Wilson County."

Plaintiffs' counsel responded to this motion by filing a brief on March 2, 1978, opposing the motions.

On March 8, 1978, defendant Sumner filed a motion to dismiss the action against him for improper service of process, pursuant to K.S.A. 60-212(*b*)(5). He challenged the service of process on the basis that service was made on his secretary at his place of business rather than on defendant personally. Plaintiffs thereupon obtained new service of process by personal service on Dr. Bayles on March 9 and personal service on Dr. Sumner on March 10. Plaintiffs then filed a motion to amend the service of process of February 15, 1978, to cure the alleged defects in service which had been raised by defendant Sumner. Dr. Bayles, on March 10, 1978, filed a motion for leave to amend his previously filed 60-212(*b*) motion, seeking dismissal of the action against him on the basis of the insufficiency of service of process upon that defendant. On April 21, 1978, Dr. Bayles moved to dismiss the action on the additional grounds that the two-year statute of limitations had run on plaintiffs' claim on March 6, 1978, before he had been properly served with process.

On May 31, 1978, District Judge J. Patrick Brazil, entered an order changing the venue of the action from Greenwood County to Wilson County, leaving undecided the other motions filed by the defendants. District Judge George Donaldson then considered the undecided motions in Wilson County. Judge Donaldson granted the motion of defendant Bayles to amend his 60-212(*b*) motion, permitting him to raise the issue of insufficiency of service of process as a defense, with the amendment relating back to the time the original motion was filed on February 23, 1978. Judge Donaldson then proceeded to consider the other pending motions. He denied plaintiffs' motion to amend service of process. He sustained the motions of both defendants and dismissed the plaintiffs' petition as barred by the statute of limitations. Plaintiffs appealed and the Court of Appeals affirmed the district court. The plaintiffs then petitioned this court for review, raising essentially the same points that had been raised before the Court of Appeals.

We will consider each of the points raised. On those points where we are in agreement with the conclusions of the Court of Appeals, we will refer to those pages of the opinion of Judge Abbott where the issues are discussed and determined.

I. Whether the district court erred in holding the statute of limitations was not tolled because of the absence of each of the defendants from the state at various times during the two year period.

The record shows that Dr. Bayles was out of the state five different times for a total of twenty-three (23) days, but he was not out of the state at any time after the plaintiffs filed their suit on October 26, 1977. Dr. Sumner was out of the state four different times for a total of either nine or ten days; he was out two days after the suit was filed. This point is discussed on pages 600 and 601 of the opinion of the Court of Appeals. (*Bray v. Bayles,* 4 Kan. App. 2d 596.) We have concluded that the Court of Appeals correctly decided this issue in holding that absence from the state, as contemplated by K.S.A. 60-517, means beyond the reach of process from the Kansas courts. Under the circumstances of this case, the statute of limitations was not tolled even though both defendants were out of the state for the brief periods of time indicated above, since it was possible for the plaintiffs to obtain service on the defendants at all times. This could have been accomplished either by serving them under the long-arm statute, K.S.A. 60-308(*b*)(2), or by simply requesting an order from the district court allowing service to be made by leaving a copy of the petition and summons at the residence of each defendant as authorized by K.S.A. 60-304(*a*).

II. Whether the district court erred in holding that service of process upon the secretary or receptionist of each defendant at his office was insufficient as a basis to establish personal jurisdiction over each defendant.

This issue is discussed in depth on pages 603 through 608 of the opinion of the Court of Appeals. We agree with both the conclusions and rationale of the Court of Appeals in holding that service of process on both defendant Bayles and defendant Sumner was insufficient under the Kansas statutes. We further agree with the Court of Appeals in rejecting the contention of plaintiffs that defendant Sumner was estopped from denying the authority of his secretary to receive service of process. We adopt that portion of the opinion of the Court of Appeals.

Plaintiffs claim the more recent cases of *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 593 P.2d 406 (1979), and *Marr v. Geiger Ready-Mix Co.,* 209 Kan. 40, 495 P.2d 1399

(1972), represent the modern trend of finding substantial compliance with service requirements when the defendant is made aware of the pendency of the action, and is not prejudiced by the method of service. *Marr* involved the substitution of a party defendant under 60-215(*c*), which allows amendment in pleadings to substitute the proper party when (1) he has received actual notice of the proceedings and his defense on the merits is not prejudiced, and (2) he knew or should have known that, but for the mistake of identity of the proper party, he would have originally been made a party. The *Marr* court noted that proper service of process was not in issue, and the cases revolving around 60-204 and 60-304(*a*) were held inapplicable (209 Kan. at 45, 51).

Applying the same rationale, *Chee-Craw Teachers Ass'n v. U.S.D. No. 247*, 225 Kan. 561, would be inapplicable to a 60-304(*a*), personal service issue. In *Chee-Craw,* the school superintendent was served with copies of the petition and summons, which he mailed to the individual members of the school board the following day. This court found the service to be in substantial compliance with the applicable statute, K.S.A. 60-304(*d*), requiring service upon a school district by serving the clerk of the board. As in *Marr, Chee-Craw Teachers Ass'n* does not consider substantial compliance as it relates to personal service on an *individual,* and does not, therefore, change the law as set down in *Haley v. Hershberger,* 207 Kan. 459, 485 P.2d 1321 (1971); *Thomas-Kilgariff General Insurance Agency, Inc. v. Haskell,* 206 Kan. 465, 479 P.2d 900 (1971); or *Briscoe v. Getto,* 204 Kan. 254, 462 P.2d 127 (1969).

III. Whether the district court erred in refusing to permit the plaintiffs to amend their defective service of process obtained on February 15, 1978, to reflect the personal service on defendants two days after the statute of limitations had expired.

We agree with the Court of Appeals that the trial court did not err in denying the plaintiffs leave to make such an amendment. We approve the conclusions and reasoning of the Court of Appeals as set forth on pages 609 through 611 of that court's opinion. There the various federal and Kansas cases are discussed in depth. The conclusions reached by the Court of Appeals are inescapable in view of K.S.A. 60-203 which provides in part as follows:

"**60-203. Commencement of action.** A civil action is commenced by filing a petition with the clerk of the court, *provided service of process is obtained* or the first publication is made for service by publication, *within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process or first publication. . . .*" (Emphasis supplied.)

To permit an amendment of process by retroactively validating an entirely new service of process made more than ninety (90) days after the filing of the petition, would nullify the express provisions of K.S.A. 60-203 by extending the time for obtaining service of process beyond the ninety (90) day period provided for in that statute. We have concluded that the district court did not err in holding that the plaintiffs were not entitled to amend service of process upon the defendants, so that the personal service obtained on March 9 and 10, 1978, on the defendants could be related back to February 15, 1978, the date service of process was attempted but not obtained on the defendants.

IV. Whether the district court erred in its failure to find that defendant Bayles had waived the defense of insufficiency of the service of process attempted on February 15, 1978, and in permitting defendant Bayles to amend his motion previously filed pursuant to K.S.A. 60-212(*b*).

To place this issue in proper perspective, we should set forth in detail the motion filed on February 23, 1978, by defendant Bayles for change of venue, to dismiss, or for a more definite statement. That motion was as follows:

"DEFENDANT BAYLES' MOTION TO DISMISS OR TRANSFER OR FOR MORE DEFINITE STATEMENT

"COMES NOW defendant Hugh G. Bayles, M.D., and moves the Court to dismiss this action on the ground that venue is improper in the District Court of Greenwood County, Kansas, in that defendant is a resident of Wilson County, Kansas, practices medicine in Wilson County, *was served with process in Wilson County,* and the action which plaintiffs' petition indicates forms the basis of the alleged cause of action took place in Wilson County, Kansas. In the alternative, this defendant moves that the action be transferred to the District Court of Wilson County, Kansas as provided by K.S.A. 60-6111.

"This defendant further moves that in the event the action against him is not dismissed for improper venue, the petition be dismissed for failure to state a claim upon which relief may be granted, or in the alternative that plaintiffs be required to state the alleged claim in more definite and certain language, as the present allegations are so vague that proper response is impossible." (Emphasis supplied.)

Attached to this motion was the following affidavit signed by the

defendant Bayles and subscribed and sworn to before a notary public.

"AFFIDAVIT

. . . .

"The undersigned, Hugh G. Bayles, of lawful age, after first being duly sworn, upon his oath, avers and states as follows:

"1. That he is a resident of Fredonia, Wilson County, Kansas.

"2. *That he was served with summons of process in Wilson County, Kansas,* and has not been served with summons in Greenwood County, Kansas, in connection with the above-styled case.

"3. That all professional medical care and treatment of the plaintiff, Dorothea Mae Bray, rendered by affiant was in Fredonia, Wilson County, Kansas, and that affiant never at any time rendered any care and treatment of the said plaintiff in Greenwood County, Kansas.

"4. That affiant does not have a place of business or employment in Greenwood County, Kansas.

"Further affiant saith not.

"/s/ Hugh G. Bayles

"HUGH G. BAYLES"

(Emphasis supplied.)

The Court of Appeals, after considering the federal decisions and the discussions in 5 Wright & Miller, Federal Practice and Procedure: Civil § 1389 (1969), concluded that the district court did not abuse its discretion in allowing defendant Bayles to amend his original 60-212(*b*) motion to add a motion for dismissal of plaintiffs' action because of the insufficiency of service of process. (4 Kan. App. 2d at 601-03.) Specifically, the Court of Appeals stated that K.S.A. 60-212(*g*) and (*h*) seem to prohibit a second 212(*b*) motion, or an answer after a 212(*b*) motion has been decided, raising insufficiency of process or insufficiency of service of process as a defense; but it does not preclude the *amendment* of the initial motion to include additional grounds, if the request to do so is timely made. We do not quarrel with the conclusion that a district court may, in a proper case, permit the amendment of a K.S.A. 60-212(*b*) motion to include additional grounds, if the original motion has not yet been determined, the request to do so is timely made, and the amendment can be made without prejudice to the opposing party. We do, however, disagree with the conclusion of the Court of Appeals that the trial court did not commit error in allowing such an amendment by defendant Bayles under the circumstances present in this case.

In defendant Bayles's original K.S.A. 60-212(*b*) motion, which

is set forth above, the defendant states, without equivocation, that venue is improper in the district court of Greenwood County, because the defendant is a resident of and practices medicine in Wilson County and was *served with process in Wilson County.* The affidavit of Dr. Bayles attached to his motion further confirms that *he was served with service of process in Wilson County, Kansas.* K.S.A. 60-603, which establishes venue in actions against residents of this state, provides that an action may be brought in the county in which the defendant has a place of business or employment if said *defendant is served therein.* The import of the allegations of the motion and affidavit is that the defendant Bayles is not only a resident of Wilson County but that his place of business is in Wilson County and, since he was served with process in Wilson County, the proper venue of the action is there. We hold it was an abuse of discretion for the district court to permit defendant Bayles to deny in the amended motion that he was properly served with process in Wilson County after alleging service of process in Wilson County for the purpose of fixing the venue in Wilson County. By taking the position he did in his motion, defendant Bayles, in our judgment, clearly waived any defects in the service of process in Wilson County and is bound thereby.

In addition, we have concluded that, under all of the circumstances, the plaintiffs were prejudiced by the action of the district court in permitting defendant Bayles to raise the issue of insufficiency of service of process by amending his K.S.A. 60-212(*b*) motion to allege that defense after the statute of limitations had run. When defendant Bayles's motion was filed on February 23, 1978, the statute of limitations had not run on the plaintiffs' claim against that defendant. If the defendant Bayles had raised the issue of insufficiency of service of process in his original 60-212(*b*) motion, plaintiffs' counsel could have proceeded to obtain proper personal service upon defendant Bayles. We cannot accept the proposition that defendant Bayles, after failing to challenge the sufficiency of the service of process, should be permitted to do so later after the statute of limitations had run on the plaintiffs' claim. As noted above, we agree that the federal authorities permit amendment of 60-212(*b*) motions, if the request to do so is timely made. But as noted in the opinion of the Court of Appeals, such an amendment is permitted only *if the Court is satisfied that*

*the adverse party will not be prejudiced* if expansion of the motion's scope is allowed. The plaintiffs were clearly prejudiced in this case by the trial court's permitting the amendment after defendant Bayles had taken a position that there were no deficiencies in the service of process. We have concluded that it was prejudicial error for the district court to permit the amendment under the circumstances. For the reasons set forth above, we hold that the district court erred in dismissing plaintiffs' claim against defendant Bayles on the ground that it was barred by the statute of limitations.

The judgment of the district court dismissing the plaintiffs' claim against defendant Bayles is reversed and the case is remanded to the district court with instructions to proceed to a determination of the plaintiffs' claim against that defendant. We affirm the judgment of the district court dismissing the plaintiffs' claim against defendant Sumner on the basis that, as to that defendant, the plaintiffs' claim was barred by the statute of limitations.

McFARLAND, J.: Concurring in part and dissenting in part. I concur with that portion of the majority opinion which reverses the district court and the Court of Appeals as to defendant Bayles.

I dissent from that portion of the majority opinion which affirms the trial court and the Court of Appeals as to defendant Sumner. Dr. Sumner is a practicing physician in the community of Fredonia, the county seat of Wilson County. Dr. Sumner was county coroner in this county of 12,000 people. The sheriff's office had served a number of subpoenas upon the doctor by leaving the same with his receptionist. The doctor had accepted such service and never objected to the manner of service. There is no question that the doctor actually received the summons herein.

The facts before us are readily distinguishable from the cases cited by the Court of Appeals relative to service upon secretaries. In the case before us, service of process upon the doctor was relatively common. For *his* convenience and as a part of *his* office procedure *his* receptionist accepted all service of process. The sheriff and the doctor were acquainted. The rather informal arrangement for service of process upon the doctor was in accordance with their usual manner of doing business.

I do not believe a person can set up and operate under a procedure, in technical violation of the service of process statute,

and then cry "foul" when it is to his advantage to do so. Under the unique circumstances herein, I believe the service can and should be upheld on the ground of agency, waiver, or estoppel, as all three apply.

HERD, J., joins the foregoing concurring and dissenting opinion.