No. 58,641

J. A. TOBIN CONSTRUCTION COMPANY, INC., *Plaintiff-Appellee/Cross-Appellant*, v. JOHN B. KEMP, Secretary of Transportation, KANSAS DEPARTMENT OF TRANSPORTATION, *Defendant-Appellee*, and WYANDOTTE COUNTY, KANSAS, *Defendant and Third-Party Plaintiff-Appellee*, and KANSAS CITY POWER AND LIGHT COMPANY, *Third-Party Defendant-Appellant*, and SOUTHWESTERN BELL TELEPHONE COMPANY, *Third-Party Defendant-Appellant*.

(721 P.2d 278)

Opinion filed June 13, 1986.

*David P. Mudrick*, of Topeka, argued the cause, and *Lawrence A. Dimmitt*, of Topeka, and *Charles O. Thomas*, of Weeks, Thomas & Lysaught, Chartered, of Kansas City, were with him on the brief for third-party defendant/appellant Southwestern Bell Telephone Company.

*Robert P. Gingrich*, of Kansas City, Missouri, argued the cause, and *J. Franklin Hummer*, of Davis, Unrein, Hummer & McCallister, of Topeka, was with him on the briefs for third-party defendant/appellant Kansas City Power & Light Company.

*Roy Bash*, of Miller and Bash, P.C., of Kansas City, Missouri, argued the cause and *R. W. Miller*, of the same firm, and *Nathan C. Harbur*, of Overland Park, were with him on the brief for plaintiff-appellee/cross-appellant J. A. Tobin Construction Company, Inc.

The opinion of the court was delivered by

LOCKETT, J.: Appellee, J. A. Tobin Construction Co., Inc., (Tobin) seeks review of the dismissal of its cross-appeal. The Court of Appeals determined Tobin's cross-appeal was not timely filed and dismissed it for lack of jurisdiction. We granted review. The only issue presented by this case is whether Tobin's cross-appeal was timely filed. The facts and dates relevant to a determination of this issue are as follows.

Tobin, a contractor, brought suit against the Secretary of Transportation and Wyandotte County for breach of a road construction contract. Tobin contended it was damaged by the alleged delay in moving utility company facilities from the construction site. The County impleaded several utility companies, including Kansas City Power and Light Company (KCP&L) and Southwestern Bell Telephone Company (SWB).

On August 15, 1985, the district court entered judgment in favor of Tobin and against Wyandotte County in the amount of $25,686; against SWB in the amount of $77,059; and against KCP&L in the amount of $128,432.

Tobin, dissatisfied with the award, served all parties with a motion to alter or amend judgment on Monday, August 26, 1985, the last day for filing the motion, but failed to file the motion in the office of the clerk of the district court during the hours the courthouse was open to accept filings. Instead, that evening after the courthouse had closed, a courier employed by Tobin's counsel attempted to file the motion with Judge Buchele at his residence. Mrs. Buchele informed the courier that the judge was not at home and suggested the motion be taken to the courthouse. Mrs. Buchele did not inform the courier that Judge Buchele was out of town from August 25 to August 28. Judge Buchele, upon returning to his office on August 29, reviewed Tobin's motion and without noting the filing date on the motion sent it to the clerk's office for filing. The motion was docketed by the clerk's office on August 30, 1985.

KCP&L filed a notice of appeal on September 10, 1985, and SWB filed a notice of appeal on September 13, 1985. In the meantime, SWB filed a response to Tobin's motion to alter or amend judgment and, as one of its points in opposition to the motion, contended the motion was not timely filed. Without specifically ruling on SWB's response, Judge Buchele treated

Tobin's motion as if timely filed and considered it on its merits. On September 27, 1985, he entered an order sustaining in part and denying in part Tobin's motion to alter or amend judgment. Following the court's ruling on the motion, Tobin filed its notice of cross-appeal to the utilities' appeal on October 17, 1985, within the time for cross-appealing from the ruling on its motion to amend, but out of time from the dates of the notices of appeal. The Court of Appeals determined the cross-appeal was not timely filed and dismissed it for lack of jurisdiction. We granted review.

In order to determine whether the cross-appeal was properly dismissed, we must decide whether Tobin's motion to alter or amend judgment was timely filed, thus extending the time for filing a notice of cross-appeal.

K.S.A. 60-259(f) requires a motion to alter or amend judgment be served and filed not later than ten days after entry of judgment. Here, judgment was entered on August 15, 1985, and the motion to alter or amend judgment was served on all parties Monday, August 26, 1985. However, the motion was not actually filed with the clerk of the court until August 30, 1985, 15 days after entry of judgment.

The issue of whether or not Tobin's motion was timely filed is significant because the running of the time for appeal is terminated by a *timely* motion to alter or amend judgment. K.S.A. 60-2103(a). Ordinarily, an appeal must be taken within 30 days from the entry of judgment. K.S.A. 60-2103(a). Appellee has 20 days after the notice of appeal has been served to file a notice of cross-appeal. K.S.A. 60-2103(h). Tobin's notice of cross-appeal was not filed until October 17, 1985, over two months after entry of judgment and more than 20 days after appellants' notice of appeal. Accordingly, the Court of Appeals determined the cross-appeal was not timely filed.

Tobin argues its cross-appeal was timely filed because the time for appeal did not begin running until September 27, 1985, the date of the court's order on the motion to alter or amend judgment.

In determining whether Tobin's motion to alter or amend judgment was timely filed, we look first to K.S.A. 60-205(e). That statute establishes the procedure necessary for a proper filing:

"The filing of pleadings and other papers with the court as required by this

article shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."

It is not argued that the papers were timely filed with the clerk of the court. Rather, Tobin contends this case meets the exception allowing papers to be filed with the judge, if the judge permits such filing. However, this case does not fall squarely within that exception. Judge Buchele was out of town and thus did not actually permit the papers to be filed with him on August 26. Rather, upon returning to his office, he reviewed the motion and forwarded it to the clerk's office for filing. Thereafter, he ruled on the merits of the motion as if it had been timely filed. Tobin claims it relied on Judge Buchele's accepting the motion for consideration and did not file a notice of cross-appeal until after a ruling on the motion was received.

Tobin urges us to consider and apply the case of *Thompson v. I. N. S.*, 375 U.S. 384, 387, 11 L. Ed. 2d 404, 84 S. Ct. 397 (1964). In *Thompson,* the United States District Court denied Thompson's petition for naturalization. The Canadian national served notice of motions to amend certain findings two days past the 10-day limitation. The government did not object to the timeliness of the motion and the district court specifically declared that the motion for a new trial was made in "ample time." After the motion was denied, Thompson appealed within 60 days of the denial of the motion but not within 60 days of the entry of the final order appealed from. The Court of Appeals dismissed because the motion was untimely. The Supreme Court, in a 5 to 4 decision, permitted an appeal to be filed after the disposition of an untimely motion for new trial and beyond the time limitation for taking an appeal. The Court followed *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 9 L. Ed. 2d 261, 83 S. Ct. 283 (1962).

When determining *Thompson,* the majority of the Supreme Court relied on two facts to find "unique circumstances" existed. First, the government raised no objection as to the timeliness of the motions and, second, the trial court specifically declared that the motion was made in ample time. The dissent in that case noted that the time requirements for filing post-trial motions and for filing appeals are mandatory and cannot be extended by the court or by the parties except, in the case of appeal, upon the showing of excusable neglect.

K.S.A. 60-2103 requires that a cross-appeal be taken within 20 days after the notice of appeal has been served except upon a showing of excusable neglect based on the failure of a party to learn of the entry of the appeal. Here, Tobin knew the date the notice of appeal was served and filed with the clerk. The parties objected to the timeliness of Tobin's motion and the district court made no specific finding that the post-trial motion had been filed with it within the time period allow by the statute. *Thompson* does not support Tobin.

Nor does *Harris* support Tobin's position of "unique circumstances." In *Harris*, the counsel who had the sole responsibility for determining whether or not an appeal should be taken was vacationing. Trial counsel filed a request for an extension of time to file a notice of appeal within the 30-day time period. The trial court granted the extension of time for the filing of the notice of appeal which was then filed within the extended period granted by the trial court. The Court of Appeals for the Seventh Circuit dismissed the appeal on the ground that an extension was not warranted.

On *certiorari*, the United States Supreme Court vacated and remanded. The court held that the motion judge's finding was entitled to great deference and should not have been disturbed, in light of the unique circumstances of the case, and especially in view of the fact that the motion for an extension was granted within the 30-day period allowed for filing a notice of appeal.

Tobin's motion was not filed within the 10-day period allowed by statute nor did Tobin file a motion to enlarge the time for filing the motion to alter or amend judgment after the expiration of the 10 days. *Harris* does not support Tobin.

The district judge has the power to enlarge the time for performing certain acts under K.S.A. 60-206(b):

"When by this chapter or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the judge for cause shown may at any time in the judge's discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under K.S.A. 60-250 (b), 60-252 (b), 60-259 (b), (d) and (e) and 60-260 (b) except to the extent and under the conditions stated in them."

A motion to alter or amend judgment (K.S.A. 60-259[f]) is not

excluded from the provisions of K.S.A. 60-206(b)(2). Thus, the trial judge has authority to extend the time in which to file a motion to alter or amend judgment upon timely request made within the originally prescribed time or upon *motion* made after the expiration of the specified period. Unfortunately, Tobin neither requested nor filed a motion to permit filing out of time.

Can the depositing of a motion to alter or amend judgment in the judge's office within the filing period be treated as both a motion to alter or amend judgment and a motion to allow the filing of that motion after the expiration of the time period? Statutory rules of appellate procedure usually receive liberal construction to accomplish the ends of justice, although such statutes are strictly construed. *Atkinson v. U.S.D. No. 383*, 235 Kan. 793, 684 P.2d 424 (1984). Under the rules of statutory construction, a motion to alter or amend judgment cannot be converted into an additional motion that was never filed or ruled upon by the district court. The district court could not consider Tobin's post-trial motion as a request to enlarge the filing period because of excusable neglect.

Tobin claims that Judge Buchele had permitted motions and other documents to be filed with him throughout the nearly three years this case was pending before him. In addition, he allowed papers to be filed at his residence or delivered to his chambers, rather than to him personally. Therefore, Tobin contends it should be able to rely on the judge's prior acts of accepting pleadings as approval that all papers presented in the future would be accepted and considered filed.

Appellants argue that the procedure followed by Tobin does not come within the filing definition set out in K.S.A. 60-205(e) under any set of circumstances. Specifically, they argue K.S.A. 60-205(e) requires the moving party obtain the judge's actual permission to file papers with the judge. Additionally, SWB and KCP&L contend it is not sufficient to deliver the papers to the judge's chambers—they must be delivered to the actual possession of the judge.

K.S.A. 60-205(e) is similar to Rule 5(e) of the Federal Rules of Civil Procedure. Rule 5(e) provides that a judge may permit pleadings and other papers to be filed initially with him prior to their transmission to the clerk's office for entry on the docket sheet. Under this procedure, filing is complete when the judge

has custody of the papers. The judge's failure to forward the papers forthwith or to enter a necessary date does not prejudice the party attempting to comply with the filing requirement. 4 Wright & Miller, Federal Practice and Procedure: Civil § 1153 (1969). Thus, as soon as the *judge* personally accepts the papers, they are filed within the meaning of both Rule 5(e) and Rule 25(a) of the Federal Rules of Appellate Procedure. The purpose of allowing pleadings to be filed with a judge is not to make the judge an alternate depository for the clerk, but to avoid delay and to facilitate the implementation of temporary restraining orders and the hearing of emergency applications. *Application of President & Directors of Georgetown Col.*, 331 F.2d 1000, 1001 n.2 (D.C. Cir.), *cert. denied* 377 U.S. 978 (1964).

There are no Kansas cases interpreting whether depositing pleadings in the judge's chambers is sufficient for filing under 60-205(e). The statute is not to be construed in a manner that leads to uncertainty, injustice or confusion, if it is possible to construe it otherwise. The words and phrases of the statute are to be construed according to context and the approved usage of the language, and words in common use are to be given their natural and ordinary meaning. *Coe v. Security National Ins. Co.*, 228 Kan. 624, 620 P.2d 1108 (1980).

In *Haley v. Hershberger*, 207 Kan. 459, 485 P.2d 1321 (1971), the *Haley* court construed the meaning of service on an "individual" under K.S.A. 60-304(a) as not to include leaving a copy of the petition and summons with the individual's secretary. Jurisdiction over the person could only be acquired by the method prescribed by the statute. In *Bray v. Bayles*, 228 Kan. 481, 618 P.2d 807 (1980), Justice Prager, writing for the court, reached the same conclusion, that service upon Bayles' secretary was not service upon the "individual" Bayles.

Using the rules of statutory construction and reviewing prior decisions of this court interpreting similar statutes, does the 60-205(e) exception to filing with the clerk include depositing the pleadings in the judge's office, as Tobin claims? The statute requires that pleadings and other papers be filed with the clerk, "except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." The meaning of the statute is clear. First, the judge must accept the filing of the

papers with him. If the judge accepts the papers, he must at that time note the date of his acceptance and then forthwith take the papers to the clerk. The plain language of the statute cannot be interpreted to include leaving the papers with the judge's wife, secretary or bailiff or leaving the papers in the judge's car, home or office.

K.S.A. 60-205(e) provides that a judge may accept pleadings and other papers to be filed initially with him prior to their transmission to the clerk's office for entry on the docket sheet. Under this procedure, filing is complete when the judge personally accepts custody of the papers. The purpose of K.S.A. 60-205(e) in allowing pleadings to be filed with a judge is not to make the judge an alternate depository for the clerk, but to avoid delay and to facilitate the implementation of temporary restraining orders and the hearing of emergency applications.

The right to appeal is entirely statutory and not a right vested in the federal or Kansas constitutions. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by applicable statutes. Tobin's time for filing the motion to alter or amend judgment had expired. Tobin's cross-appeal was out of time and properly dismissed by the Court of Appeals.

The judgment of the Court of Appeals is affirmed and Tobin's cross-appeal is dismissed.

HERD, J., dissenting: I respectfully disagree with the holding of the majority. The controlling issue is whether Tobin Construction Company was entitled to have the trial court consider its motion to amend the judgment. Tobin served timely notice on the other parties but failed to get to the courthouse in time to properly file its motion to amend with the clerk. Tobin then attempted to use K.S.A. 60-205(e) by filing the motion with the judge. Since the judge could not be found, Tobin's courier gained entrance to the judge's office and left the motion on the judge's desk. This was accomplished within time. The judge then treated the motion as timely filed and amended the judgment. I think Tobin's actions complied with the law. If not, K.S.A. 60-206(b)(2) can be relied upon. It authorizes a trial judge to extend the time in which a motion to alter or amend judgment may be filed by the filing of a motion after the original prescribed time. While a formal motion to extend filing time was not made

by Tobin, the deposit of the motion on the judge's desk within the filing period and the treatment of the motion by the judge as having been timely filed are as strong a request as a formal motion and illustrate a good faith attempt to obtain an amendment to the judgment. Tobin's actions were in substantial compliance with the statutes.

A highly technical construction of these statutes serves no meritorious purpose. The case is on appeal. The trial court ruled the judgment should be amended. The entire case should be presented to the appellate court. I would reverse the Court of Appeals and affirm the trial court.

SCHROEDER, C.J., and PRAGER, J., join in the foregoing dissenting opinion.