Ms. Linda P. Jeffrey Shawnee County Courthouse 200 E. 7th, Room 203 Topeka, Kansas 66603-3922
Dear Ms. Jeffrey:
As county counselor for Shawnee county, Kansas you have advised us that since the enactment of K.S.A. 12-741 et seq. (effective January 1, 1992) confusion has arisen concerning the filing of certain plats with the register of deeds. You inquire whether a subdivision plat for real property, located within the unincorporated zone that extends 3 miles outside the Topeka city limits, must be approved by the board of county commissioners of the county of Shawnee, Kansas (hereinafter the county) before it is filed by the register of deeds. Accordingly, our discussion must begin with the established procedure for approval of platted unincorporated areas outside of the city limits.
Historically, the planning and zoning statutes in Kansas addressed cities and counties in different statutory chapters. Chapter 12 covered cities, while chapter 19 covered counties. Then, in an effort to gain efficiency and coherence in the law, the respective city and county statutes were repealed and a statute that combined them was enacted (L. 1991, ch. 56, § 1). Now the planning and zoning of both cities and counties is covered by K.S.A. 12-741 et seq., and amendments thereto. In addition, if a city wishes to develop an area outside its limits it must follow the procedures presently prescribed in that act.
First, the city must notify the respective county of its intent to expand its planning area. K.S.A. 1992 Supp. 12-743(a). Once a copy of the city's proposed subdivision regulations for the expanded area has been certified by the board of county commissioners, the two respective governing bodies are to form a joint planning commission. K.S.A. 1992 Supp. 12-750(a). This joint planning commission then has the authority to adopt subdivision regulations for the area under their joint control (i.e. an area extending 3 miles out from the city limits). Id.
This joint committee is to ensure that a plat submitted to it meets the subdivision regulations. K.S.A. 1992 Supp. 12-752(b). Upon a finding that the plat meets all the subdivision regulation requirements, the joint committee is then required to endorse it. Id. After endorsement the plat is submitted to "the governing body" for dedication. K.S.A.12-752(c). If the governing body elects to dedicate the plat it will then be sent to the register of deeds for filing. K.S.A. 12-752(h).
The issue presented concerns the identity of the governing body for these areas covered by the subdivision regulations that have been promulgated by a joint planning commission. In the present case, the area in question lies in an unincorporated area of Shawnee county, Kansas which is within three miles of the city limit of Topeka, Kansas.
In the 1960's, the city of Topeka and Shawnee county adopted a comprehensive plan of development pursuant to former K.S.A. 12-704,12-704a, 19-2914, 19-2915, 19-2916 and 19-2961a (presently covered by K.S.A. 1992 Supp. 12-747). Comprehensive Metropolitan Plan 2010, page 1. Next, the city council of Topeka and the county commission formed a joint planning commission to develop the area within three miles of the city limits. This was done in accordance with former K.S.A. 12-705a, [presently K.S.A. 12-750(a)]. Id. The Topeka-Shawnee County Metropolitan Planning Commission, formerly the Topeka-Shawnee County Regional Planning Commission, put forth its latest plan in 1990. Id.
The statutes under which the commission was formed have been repealed and consolidated. When the commission was formed subdivision regulations and plats needed approval of both the city and county. K.S.A. 12-705 et seq. (now repealed). Now, as stated in K.S.A. 12-752(c) and (h), only "the governing body" need give its approval.
What is "the governing body" for this area within three miles of the city limits? Initially, the answer seems unclear. K.S.A. 12-740(c) defines the governing body as:
 "the governing body of a city in the case of cities and the board of county commissioners in the case of counties."
Here, the area is outside the city limits. However, the city has a jurisdictional interest by entering into a joint planning committee for purposes of creating subdivision regulations and plat approval. There appears to be dual jurisdiction in that both the city and the county are governing bodies over the area in one form or another. However, because of the change in statutory language, it is apparent that the legislature intended approval from only one governing body.
It has been held that deletion of a phrase in amending or revising a statute raises the presumption that a change of meaning was intended by the legislature. Shawnee Tp. Fire Dist. No. 1 v. Morgan, 221 Kan. 271
(1977). Here the legislature changed from specifically requiring approval from both governing bodies, to requiring approval from only the governing body. This change indicates the legislature intended approval of plats by one governmental unit.
The meaning of the statute can also be discovered by noting the words used. Words and phases in a statute are construed according to the context and approved usage of the language, with words in common usage given their natural and ordinary meaning. J.A. Tobin Const. Co. Inc. v.Kemp, 239 Kan. 430 (1986). In the present case, the legislature used the singular form of the word "body". This again indicates that approval of only one government body is required.
Since it is our opinion that the legislature intended to require only "the governing body" to approve plats, it must be determined what entity is the governing body. In the present case it appears a matter of logic as to which governing body has jurisdiction over the area within three miles of the Topeka city limits.
First, the county has waived its jurisdictional control over this area. This is done in section 3 of the subdivision of land regulations, Shawnee county, Kansas; which states:
 "JURISDICTION: These Regulations shall govern all subdivision of land in the unincorporated area of Shawnee County, Kansas, except that territory lying within the three (3) mile jurisdiction control area of any incorporated city governing the subdivision of land." (Emphasis added).
Secondly, Topeka has assumed jurisdiction over this area for platting purposes. Chapter 41-1 of the subdivision regulations of Topeka state:
 "All plans, plats or replats of land laid out in building lots, hereafter made for each subdivision or each part thereof lying within the city or within three (3) miles of the nearest point of the boundary of the city shall be prepared, presented and recorded as prescribed in this chapter." (Emphasis added).
The requirements for recording are then set forth in section 41.72 of the subdivision regulations of Topeka. It provides that:
 (b) Any deed for the dedication of a new public street shall not be filed with the register of deeds until such shall have endorsed on it the fact that it has been submitted to and has been approved by the planning commission and has been accepted by the city council." (Emphasis added).
Since Shawnee county has waived its right to jurisdiction over this three mile area and Topeka has assumed jurisdiction over it, Topeka is the governing body for purposes of plat approval in K.S.A. 12-752. Therefore, once the city of Topeka has endorsed a plat it can be filed with the register of deeds. There is no requirement that the board of county commissioners approve the plat before filing.
While it may appear unfair to have placed one governing body in the position of being able to rule on a matter that will impact the others; the legislature, in its discretion, has done so by omitting the joint approval language.
In conclusion, the register of deeds may file a plat only after it has been endorsed and accepted by the governing body. Under the facts presented, the governing body for the unincorporated zone which extends three miles from the Topeka city limits is the city. This is contingent upon the city and county forming a joint planning commission which must then develop subdivision regulations. These subdivision regulations will govern plat approval. They will also establish the jurisdictional control of the city and county.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General