The Honorable Audrey Langworthy State Senator, Seventh District State Capitol, Room 143-N Topeka, Kansas 66612-1504
Dear Senator Langworthy:
You request our opinion regarding application of the trading stamp act to a particular entity. The information you have provided indicates that the entity in question redeems coupons and certificates (issued by other businesses) for cash, travel or merchandise that is purchased, received in bulk and repacked into individual mailer cartons by the entity.
The trading stamp act, K.S.A. 21-2801 et seq., prohibits the distribution of stamps or coupons, in connection with the sale of goods, which are redeemable for cash, merchandise or anything of value. K.S.A.21-2801; 21-2802. However, there are exceptions to this general prohibition. One such exception is set forth in K.S.A. 1993 Supp.21-2803(a):
 "This act shall not apply to any coupon, ticket, certificate, card or other similar device which is
issued, distributed, furnished or redeemed:
 "(a) By a manufacturer or packer, when such coupon,
ticket, certificate, card or other similar device is redeemable:
 "(1) Without or with accompanying cash, for any product of the manufacturer or packer or for one specified and particular product not manufactured or packed by the manufacturer or packer; or
 "(2) by the manufacturer or packer in cash." (Emphasis added).
The underscored language provides that coupons or similar devices redeemed by a packer are not covered by the act's prohibition if redeemable for cash or any product the packer packs. [The act also does not apply when coupons, etc. are redeemable for travel. K.S.A. 1993 Supp. 21-2803(c).]
This office analyzed the exemption contained in K.S.A. 1993 Supp.21-2803(a) in Attorney General Opinion No. 88-125:
 "The Kansas Supreme Court has interpreted K.S.A. 21-2803(a) as allowing `a manufacturer or packer in connection with his manufactured or packed product [to] include in the package certain stamps or other items which are redeemable.' Cushenbery v. Shanahan, 190 Kan. 720, 721 (1963). The term `packer' is not defined in the trading stamp act. Under the rules of statutory construction, words used in statutes must be attributed with their common, ordinary meanings unless the context clearly requires otherwise. J.A. Tobin Const. Co., Inc. v. Kemp, 239 Kan. 430 (1986). This is particularly true of penal statutes, such as K.S.A. 21-2801, which must be strictly construed against the State. State ex rel. Stephan v. Pepsi-Cola General Bottlers, Inc., 232 Kan. 843, 846, 847 (1983). `Packer' is defined generally as `[o]ne who packs goods . . . for transportation and sale.' The American Heritage Dictionary 493 (2d College Edition 1983)."
The opinion went on to conclude that an entity that receives bulk shipments of merchandise, then packs and distributes the merchandise in accordance with specific customer orders is a packer for purposes of the trading stamp act.
Based on the information you have provided, it appears that the entity in question is a packer under the trading stamp act and coupons redeemed by the entity for cash, travel or products it packs are exempt from the act's prohibitions. If the coupons or certificates are redeemable for products not packed by the entity (other than cash or travel), each coupon or certificate must be redeemable for only one specified and particular product, i.e. the same coupon cannot be redeemed for one of several options, there can be no customer choice. Pepsi-Cola General Bottlers,Inc., 232 Kan. at 847.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm