Robert W. Fairchild Douglas County Counselor 808 Massachusetts St. P.O. Box B Lawrence, Kansas 66044-8996
Dear Mr. Fairchild:
As Douglas county counselor, you have requested our opinion concerning the appropriate construction of planning and zoning statutes involving cities and counties.
We understand that Douglas county and the city of Lawrence have already established the Lawrence-Douglas county planning commission. You inform us that the city of Eudora has established a long range physical development plan for the city and for the adjacent portions of unincorporated area within Douglas county. The city has proposed to the county that the city exercise joint subdivision control with the county of those adjacent portions of unincorporated area.
Your first question is whether the board of county commissioners has exclusive control to accept or refuse the dedication of land for public purposes as to unincorporated areas lying outside city limits.
K.S.A. 12-752(a) provides:
 "The owner or owners of any land located within an area governed by regulations subdividing the same into lots and blocks or tracts or parcels, for the purpose of laying out any subdivisions, suburban lots, building lots, tracts or parcels or any owner of any land establishing any street, alley, park or other property intended for public use or for the use of purchasers or owners of lots, tracts or parcels of land fronting thereon or adjacent thereto, shall have a plat drawn as may be required by the subdivision regulations. Such plat shall accurately describe the subdivision, lots, tracts or parcels of land giving the location and dimensions thereof and the location and dimensions of all streets, alleys, parks or other properties intended to be dedicated to public use or for the use of purchasers or owners of lots, tracts or parcels of land fronting thereon or adjacent thereto. All plats shall be verified by the owner or owners thereof. All such plats shall be submitted to the planning commission or to the joint committee for subdivision regulation."
Upon being presented with such plats, the planning commission will determine whether they conform to the regulations, and if so, the commission approves them. Further, K.S.A. 12-752(c) provides:
 "The governing body shall accept or refuse the dedication of land for public purposes within 30 days after the first meeting of the governing body following the date of the submission of the plat to the clerk thereof. The governing body may defer action for an additional 30 days for the purpose of allowing for modifications to comply with the requirements established by the governing body. No additional filing fees shall be assessed during that period. If the governing body defers or refuses such dedication, it shall advise the planning commission or joint committee of the reasons therefor."
If the county is "the governing body" within the meaning of the above statute, then it may accept or refuse the dedication of land for public purposes following the procedural requirements. The identity of the governing body in the cited statute was the issue in one of our previous opinions.
 "What is `the governing body' for this area within three miles of the city limits? Initially, the answer seems unclear. K.S.A. 12-740(c) defines the governing body as:
 `the governing body of a city in the case of cities and the board of county commissioners in the case of counties.'
 "Here, the area is outside the city limits. However, the city has a jurisdictional interest by entering into a joint planning committee for purposes of creating subdivision regulations and plat approval. There appears to be dual jurisdiction in that both the city and the county are governing bodies over the area in one form or another. However, because of the change in statutory language, it is apparent that the legislature intended approval from only one governing body.
 "It has been held that deletion of a phrase in amending or revising a statute raises the presumption that a change of meaning was intended by the legislature. Shawnee Tp. Fire Dist. No. 1 v. Morgan, 221 Kan. 271 (1977). Here the legislature changed from specifically requiring approval from both governing bodies, to requiring approval from only the
governing body. This change indicates the legislature intended approval of plats by one governmental unit.
 "The meaning of the statute can also be discovered by noting the words used. Words and phases in a statute are construed according to the context and approved usage of the language, with words in common usage given their natural and ordinary meaning. J.A. Tobin Const. Co. Inc. v. Kemp, 239 Kan. 430 (1986). In the present case, the legislature used the singular form of the word `body'. This again indicates that approval of only one government body is required.
 "Since it is our opinion that the legislature intended to require only `the governing body' to approve plats, it must be determined what entity is the
governing body. In the present case it appears a matter of logic as to which governing body has jurisdiction over the area within three miles of the Topeka city limits." Attorney General Opinion No. 93-9.
According to the subdivision regulations at issue in the above-referenced opinion, Shawnee county had waived its right to jurisdiction over the area, and the city of Topeka had assumed jurisdiction over it. Therefore, we concluded that the city of Topeka was the governing body for purposes of plat approval in K.S.A. 12-752.
We are not provided with the subdivision regulations of the Lawrence-Douglas county planning commission. Therefore, we cannot answer the first question, except to say that it depends on the jurisdictional language in the subdivision regulations.
Your second question is whether the existence of the Lawrence-Douglas county planning commission precludes the establishment of the Eudora-Douglas county joint committee for subdivision regulations under K.S.A. 12-750(a).
K.S.A. 12-750(a) provides:
 "If the governing body of a city proposes to adopt subdivision regulations affecting property lying outside of the city and governed by subdivision regulations of the county, a copy of the city's proposal shall be certified to the board of county commissioners or if at any time subsequent to the adoption of regulations governing the subdivision of land by the city planning commission, the board of county commissioners shall designate an area for such purposes which shall include lands lying within the area governed by subdivision regulations of the city, the board of county commissioners shall certify a copy of such resolution to the governing body of the city and regulations governing the subdivision of land within the area designated by the city shall be adopted and administered in the manner hereinafter provided. Within 60 days after the date of the certification of the resolution by the board of county commissioners or the governing body of the city, there shall be established by joint resolution of the board of commissioners and governing body, a joint committee for subdivision regulation which shall be composed of three members of the county planning commission to be appointed by the chairperson of the county planning commission and three members of the city planning commission to be appointed by the chairperson of the city planning commission and one member to be selected by the other six members. Such joint committee shall have such authority as provided by law for county planning and city planning commissions relating to the adoption and administration of regulations governing the subdivision of land within the area of joint regulation. Regulations adopted by the county or city and in effect at the time of the certification of such resolution by the board of county commissioners or the governing body of the city shall remain in effect until new regulations shall have been adopted by the joint committee or for a period not exceeding six months from and after the date of the certification of such resolution. The provisions of this section shall not apply to any city and county jointly cooperating in the exercise of planning and zoning under the provisions of this act."
Since the city of Eudora and Douglas county have not established a joint planning commission, they may follow the procedures to create a joint committee for subdivision regulation pursuant to this statute. There is no statute prohibiting a county from establishing a joint committee with other cities, where the county has already established planning commission with one city.
Your last question involves possible violation of the Kansas or United States constitution regarding these statutes on planning and zoning. InJocobs, Visconsi Jacobs, Co. v. City of Lawrence, 927 F.2d 1111 (10th Cir. 1991), landowners and a developer argued that their procedural due process, substantive due process and equal protection rights were violated due to a denial of their rezoning request by the Lawrence city commission and the city-county planning commission. The court held that 1) a rezoning applicant does not have a legitimate claim of entitlement constituting a property interest protected by procedural due process; 2) a zoning classification which treated similarly situated developers differently based on location of proposed development withstood equal protection analysis; and 3) rezoning applicants failed to state a substantive due process claim in connection with the commission's refusal to rezone property. Jacobs, at 1115-1120.
We are not aware of, and you do not present, actual situations which may raise other constitutional issues in connection with the provisions of K.S.A. 12-741 et seq.
In conclusion, the "governing body" in K.S.A. 12-752(c) with respect to the unincorporated areas under the control of the city-county planning commission could be the city or the county, depending on the jurisdictional language in subdivision regulations adopted by them. The county is not prohibited from entering into another city-county joint committee for subdivision regulation under K.S.A. 12-750, where the county already has a planning commission with another city.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas