No. 74,760

STATE OF KANSAS, *Appellee*, v. LAJUAN E. CLEMONS, *Appellant*.

929 P.2d 749

Opinion filed December 6, 1996.

*Michael G. Highland*, of Bonner Springs, argued the cause and was on the brief for appellant.

*Kevin C. Fletcher*, assistant attorney general, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: LaJuan E. Clemons, an inmate at the Lansing Correctional Facility, was a participant with other inmates in the killing of one guard and the severe injury to another guard during a riot at the recreational facility inside the walls. He was charged with and convicted of first-degree murder and aggravated battery against a law enforcement officer. On appeal, he contends that his indictment on the charges was defective, that venue should have been changed, that the evidence was insufficient, and that the trial court erroneously imposed the hard 40 sentence. For reasons set forth below, we find no merit in defendant's contentions and affirm.

Highly summarized, the facts are that a riot erupted at the Lansing Correctional Facility on May 22, 1993. Two guards were attacked in the recreation building by a group of inmates. As a result of the conflict, Officer Mark Avery lost his life and Officer Michael Bidatsch received severe injuries before the riot was quelled. While many inmates participated in the riot, inmates who witnessed the event testified that they heard the defendant planning the attack with others and saw the defendant hitting both officers. The defendant and 11 other inmates were charged with the death and battery of the officers. This court has reviewed four prior cases involving this same incident.

## INDICTMENT

The defendant raises two points concerning his indictment. First, he claims he was entitled to a preliminary examination under

K.S.A. 22-2902 because he was initially charged by complaint. Second, he claims the grand jury indicting him was improperly convened under K.S.A. 22-3001.

The defendant argues that because he was initially subject to and arrested pursuant to a warrant issued by the prosecutors' office, K.S.A. 22-2902(1) applied to guarantee him the right to a preliminary hearing. On August 26, 1993, a complaint against the defendant on two counts was filed with the Leavenworth County District Court. Four days later, on August 30, 1993, a warrant was issued for the defendant's arrest on the charges of first-degree murder, K.S.A. 1992 Supp. 21-3401, and aggravated battery against a law enforcement officer, K.S.A. 21-3415 (Ensley 1988). The defendant was arrested the same day.

After counsel was appointed, the defendant's preliminary hearing was scheduled for October 1, 1993. The preliminary hearing was indefinitely postponed pending indictment by the grand jury. In place of the preliminary hearing, the grand jury handed down its indictment against the defendant on November 2, 1993.

The defendant argues that once the warrant was issued, his statutory right to a preliminary hearing arose; thus, the grand jury indictment is void. The same contention was rejected in *State v. Knighten*, 260 Kan. 47, 56, 917 P.2d 1324 (1996), wherein we said:

"The reason for a preliminary hearing is so that a determination can be made as to probable cause. [Citation omitted.] Once a grand jury has handed down an indictment, a determination of probable cause has been made and a preliminary hearing is no longer necessary.

"The language used in K.S.A. 22-2902(1) also compels this conclusion. It provides that a preliminary hearing is necessary unless the arrest is the product of a grand jury indictment. The statute provides for some means of a test of probable cause but recognizes that once a grand jury indictment has been handed down, such a test has occurred. It matters little whether the grand jury indictment is handed down before or after the defendant is charged with the crime. In either case, a determination of probable cause has been made. The fact that the indictment came after, not before, the arrest and charge is not grounds for reversal."

The defendant claims that the grand jury that handed down his indictment was improperly convened. He argues that neither he nor his attorney was presented evidence on record that the grand jury was summoned pursuant to the requirements of K.S.A. 22-

3001(1), which provides: "A majority of the district judges in any judicial district may order a grand jury to be summoned in any county in the district when it is determined to be in the public interest."

Additions to the record on appeal include documentary evidence that the grand jury was properly convened. The order summoning a grand jury was signed by three of the five district judges in the First Judicial District and states:

"Now on this 14[th] day of October, 1993, the undersigned District Court judges of the First Judicial District, upon the request of Frank E. Kohl, Leavenworth County Attorney, do hereby determine it is in the public interest that a Grand Jury should be summoned under the provisions of K.S.A. 22-3001 *et seq.* to inquire into the circumstances of the attack upon Correctional Officers Avery and Bidatsch at the Lansing Correctional Facility on May 22, 1993. IT IS SO ORDERED."

## VENUE:

The defendant moved three times for a change of venue under K.S.A. 22-2616(1), which provides:

"In any prosecution, the court upon motion of the defendant shall order that the case be transferred as to him to another county or district if the court is satisfied that there exists in the county where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that county."

Our standard of review is one of abuse of discretion:

"The determination of whether to change venue lies within the sound discretion of the trial court and that determination will not be disturbed on appeal absent a showing of prejudice to the substantial rights of the defendant, with the burden upon the defendant to show prejudice in the community, not as a matter of speculation, but as a demonstrable reality. To show prejudice to the substantial rights of the defendant, there must be more than speculation that the defendant did not receive a fair trial. The State is not required to produce evidence refuting that of the defendant." *State v. Wacker*, 253 Kan. 664, Syl. ¶ 6, 861 P.2d 1272 (1993).

The defendant argues that he was unable to get a fair trial in Leavenworth County because a large percentage of potential jurors had a connection with one of the prisons in the area or with law enforcement in general. He notes that 16 potential jurors were excused for cause. In addition, he contends that the entire panel

was tainted because all remaining potential jurors listened to the entire voir dire.

A total of 77 potential jurors was called for the trial of the defendant. Following voir dire, 42 of the 77 were qualified for jury service in the defendant's case. The defendant accurately points out that 25 of the 42 had connections with law enforcement or prison facilities. However, of the 25, only 8 were dismissed for cause due to their relationship with the prison system. Only four of the jurors sworn to try the defendant's case had an acquaintance with the prison system. These four stated on the record that this factor would not affect their ability to fairly and impartially determine the guilt or innocence of the defendant. These facts do not warrant a change of venue.

The defendant also argues that the entire jury panel was tainted because the panel listened to all the questions of counsel on voir dire. Specifically, the defendant objects to the jurors overhearing other jurors' connection with law enforcement. However, the record demonstrates that several potential jury members were dismissed after they spoke to the judge out of the hearing of the rest of the jury. The record also shows that the remaining jurors expressly stated that they could fairly and impartially decide on the evidence presented. Finally, the bulk of the jurors were dismissed through peremptory challenges in chambers. We conclude that the trial court did not abuse its discretion in denying the defendant's motion for change of venue.

## SUFFICIENCY OF EVIDENCE

The defendant makes two arguments addressing the sufficiency of evidence: First, he argues that several inmate witnesses' testimony conflicts with the testimony of Officer Bidatsch, the victim. He argues that the officer's testimony is believable but the inmates' testimony is unbelievable. He further contends that the trial court should have sustained his objection to testimony from a witness who had failed an earlier polygraph test.

"When the sufficiency of evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational fact-

finder could have found the defendant guilty beyond a reasonable doubt." *Knighten*, 260 Kan. 47, Syl. ¶ 1.

(1) <u>Conflicting testimony.</u>

Issues of credibility are within the province of the jury. "On appellate review, the credibility of witnesses will not be passed upon, conflicting evidence will not be weighed, and all questions of credibility are resolved in favor of the State." *State v. Van Winkle*, 254 Kan. 214, 225, 864 P.2d 729 (1993), *cert. denied* 511 U.S. 1144, 128 L. Ed. 2d 890 (1994). "The jury exercises the prerogative to determine the credibility of the witnesses, the weight to be given the evidence, and the reasonable inferences which may be drawn from the evidence." *State v. Bowen*, 254 Kan. 618, 631, 867 P.2d 1024 (1994).

(2) <u>The polygraph test</u>

The defendant argues that the testimony of one of the State's witnesses is inadmissible as perjury because the witness failed a polygraph test prior to the trial. The State made a motion in limine to bar the introduction of evidence of the polygraph test. The trial court properly excluded evidence of the polygraph test on the basis that admission of polygraph test results must be supported by stipulations of both parties. *State v. Green*, 245 Kan. 398, 405, 781 P.2d 678 (1989).

## HARD 40 SENTENCE

The defendant was sentenced to a mandatory term of imprisonment of 40 years (hard 40) for the first-degree murder conviction. He challenges the imposition of the hard 40 sentence, alleging that he was not properly notified under the following provisions of K.S.A. 1992 Supp. 21-4624(1):

"If a defendant is charged with murder in the first degree, the county or district attorney shall file written notice if such attorney intends, upon conviction or adjudication of guilt of the defendant, to request a separate sentencing proceeding to determine whether the defendant should be required to serve a mandatory term of imprisonment of 40 years. *Such notice shall be filed with the court and served on the defendant or the defendant's attorney at the time of the arraignment.* If such notice is not filed and served as required by this subsection, the county or district attorney may not request such a sentencing proceeding and the defen-

dant, if convicted of murder in the first degree, shall be sentenced as otherwise provided by law, and no mandatory term of imprisonment shall be imposed hereunder." (Emphasis added.)

The notice provisions in 21-4624(1) are mandatory. *State v. Williams*, 259 Kan. 432, 443, 913 P.2d 587, *cert. denied* 136 L.Ed. 2d 49 (1996).

The defendant claims that notice was not properly filed with the court because it was neither file stamped by the clerk of the court nor dated by the judge pursuant to K.S.A. 60-205(e). The State does not suggest that the notice to request a hard 40 sentence was filed with the clerk of the court. Rather, the State asserts that the notice was filed with the judge at the arraignment, according to K.S.A. 60-205(e), which provides:

"The filing of pleadings and other papers with the court as required by this article shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk."

The defendant argues that the flaw in this filing is that the judge did not mark the notice with the date filed during the arraignment. The notice was file stamped with the clerk some hours after the arraignment proceeding. Relying on *State v. Peckham*, 255 Kan. 310, 875 P.2d 257 (1994), he asserts that the copy provided to the judge was simply a courtesy copy.

In *Peckham*, we rejected the State's argument that the notice was filed with the court because of the "absence of a record showing the district judge was furnished with the notice with the intent it be filed with the court pursuant to K.S.A. 1993 Supp. 60-205(e)." 255 Kan. at 318. Under these circumstances, we concluded that "there is not compliance with K.S.A. 1993 Supp. 21-4624(1) and the mandatory term of imprisonment of 40 years cannot be imposed." 255 Kan. at 318. However, the record in this case establishes that the district judge was furnished with the notice with the intent that the notice be filed with the court. The transcript of the arraignment reflects that the county attorney stated: "For the record, I would like to file with the court a notice of intent to proceed under the provisions of K.S.A. 21-4622 [*sic*]."

Filing with the court is acceptable when providing notice regarding a hard 40 sentence:

" 'K.S.A. 60-205(e) sets out the procedures necessary for a proper filing of documents with the court. K.S.A. 60-205(e) provides that a judge may accept pleadings and other papers to be filed initially with him prior to their transmission to the clerk's office for entry on the docket sheet. Under this procedure, filing is complete when the judge personally accepts custody of the papers.' " *State v. Johnson*, 255 Kan. 140, 154, 871 P.2d 1246 (1994) (quoting *Tobin Constr. Co. v. Kemp*, 239 Kan. 430, Syl. ¶ 1, 721 P.2d 278 [1986]).

Moreover, in *Williams*, we determined that the requirements of filing under K.S.A. 60-205(e) could be met despite the fact that the judge, as he did in this case, failed to write the date and time the document was received. 259 Kan. at 444.

The defendant further argues that notice to the court must precede the notice served on the defendant. The defendant again relies on *Peckham*, wherein we said that "[t]he filing of the notice with the court is a prerequisite to serving the defendant." 255 Kan. at 316. However, in the more recent case of *State v. Harris*, 259 Kan. 689, 708, 915 P.2d 758 (1996), we clarified *Peckham* and rejected the argument made by the defendant in this case:

"[T]his statement [in *Peckham*] was made as part of our conclusion that notice to the court could not be filed after arraignment. [Citation omitted.] This does not mean, and the statute does not indicate, that service and filing must be accomplished in a lockstep order so long as both service and filing are accomplished at the time of the arraignment."

Finally, the defendant argues that the State failed to sign the return of service and simply handed copies of the notice to defendant and his attorney. K.S.A. 60-205 contains no requirement that a return of service be signed when the document to be served is other than a service of process. K.S.A. 60-205(b) expressly provides for service upon the attorney or upon a party by delivering a copy to the attorney or a party.

Affirmed.