**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAJUAN CLEMONS,

               Petitioner-Appellant,

v.

STATE OF KANSAS,

               Respondent-Appellee.

No. 10-3005

(D. of Kan.)

(D.C. No. 5:07-CV-03054-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

State prisoner LaJuan Clemons seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition. The district court denied relief because it concluded Clemons's petition was time-barred under 28 U.S.C. § 2244(d)(1), and he was not entitled to equitable tolling. After careful review of the record, we can find no error in this conclusion.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Exercising jurisdiction under 28 U.S.C. § 2253, we therefore DENY

Clemons's request for a COA and DISMISS his appeal.

## I. Background

Clemons was convicted of first-degree murder and aggravated battery

against a law enforcement officer, based on his involvement in a prison

disturbance that resulted in the death of one guard and serious injury to another.

The Kansas Supreme Court affirmed his conviction on direct review in a

December 6, 1996 opinion. *State v. Clemons*, 929 P.2d 749 (Kan. 1996). After

his conviction, Clemons was transferred to a prison in Florida. From Florida, he

filed a pro se motion for state post-conviction relief on December 15, 1997. *See*

KAN STAT. ANN. § 60-1507. The state district court denied relief, and the Kansas

Court of Appeals affirmed that denial on April 2, 2004. *State v. Clemons*, 86 P.3d

1026, No. 90,852, 2004 WL 720142 (Kan. Ct. App. Apr. 2, 2004). Clemons did

not file a timely appeal of the Kansas Court of Appeals' decision, and the Kansas

Supreme Court denied his subsequent request to file an appeal out-of-time on

March 29, 2006.

Clemons filed a federal habeas petition on March 1, 2007. The district

court dismissed it as untimely and denied his request for a COA.

## II. Analysis

Prisoners in custody pursuant to a state court judgment have one year in

which to file a federal petition for habeas corpus. 28 U.S.C. § 2244(d)(1). Here,

-2-

the one-year period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).  The district court denied Clemons's petition based on this one-year statute of limitations.

A state prisoner must obtain a COA before we can hear an appeal of a denial of habeas relief.  *See* 28 U.S.C. § 2253(c)(1).  A COA may only issue if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When, as here, the petition was denied on procedural grounds, the prisoner "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because Clemons proceeds on appeal pro se, we construe his "pleadings and other papers liberally, but we do not assume the role of advocate, and his pro se status does not relieve him of his obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (internal punctuation omitted).  It is Clemons's responsibility to demonstrate that his petition is timely.

The Kansas Supreme Court affirmed Clemons's conviction on December 6, 1996.  Following that affirmance, Clemons did not file a petition for certiorari with the United States Supreme Court, and therefore "the expiration of time for seeking [direct] review" of his conviction, 28 U.S.C. § 2244(d)(1)(A), was 90 days later.  *See* SUP. CT. R. 13.  Thus, for federal habeas purposes, Clemons's conviction became final, and his one-year period began to run, on March 6, 1997.  Clemons filed a pro se motion for state post-conviction relief on December 15, 1997, allowing 284 days of the one-year statute of limitations period to run before tolling began.

The procedural history of Clemons's effort to obtain state post-conviction relief is complicated.  On more than one occasion, Clemons sought leave to file an appeal out-of-time, and on at least one occasion, permission to do so was granted.  However, the latest possible date on which we can consider his state post-conviction proceedings final is March 29, 2006, when the Kansas Supreme Court denied his motion to petition for review out-of-time.  As of that date, Clemons had 81 days in which to timely file a federal habeas petition—that is, until June 18, 2006.  Clemons, however, did not actually file a petition until March 1, 2007, and thus his federal habeas petition was untimely.

Clemons argues the district court should not have dismissed his petition as untimely because: (1) the state court grant of permission to appeal out-of-time "reset the federal clock" for his habeas appeal, according to *Jimenez v.*

*Quarterman*, 129 S. Ct. 681 (2009); and (2) he is entitled to equitable tolling. Neither argument is availing.

*Jimenez* held that when a state court grants a prisoner permission to file a *direct* appeal out-of-time, a conviction is no longer final until the conclusion of the appeal. *See id.* at 686. The one-year period in which to seek federal habeas review then runs from the new conclusion of direct review. However, this holding does not apply to Clemons because Kansas granted him an appeal out-of-time for his post-conviction proceedings, not his direct appeal. Because the one-year statute of limitations began to run on the date Clemons's conviction became final, and not on the date his post-conviction review became final, the holding of *Jimenez* does not apply to Clemons.

Clemons also argues he is entitled to equitable tolling, due in part to the extraordinary circumstance of being transferred to a prison in another state. We have the discretion to equitably toll the statute of limitations for habeas petitioners, but "only in rare and exceptional circumstances." *Coppage*, 534 F.3d at 1280 (internal quotation marks omitted). In general, exceptional circumstances exist when a prisoner "has been pursuing his rights diligently," yet "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. ___ (2010); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Demonstrating those two factors is a "strong burden," and the prisoner must allege "specific facts to support his claim." *Id.* We have suggested equitable tolling "would be

appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).

Even assuming Clemons has been pursuing his rights diligently, we conclude he is not entitled to equitable tolling. Clemons claims he is innocent of the crime charged, but to warrant tolling, claims of actual innocence must be supported with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Clemons has brought forth no evidence that meets this standard. He merely identifies eyewitnesses who were available to testify at trial but his attorney chose not to call.[1]

Any claims that Clemons's transfer amounted to an "extraordinary" or "uncontrollable" circumstance are likewise meritless. Transfers from one prison system to another are "a routine practice." *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004). Moreover, in this case the transfer was presumably undertaken with Clemons's safety in mind—he had just been convicted of

---

[1] The Kansas Court of Appeals found that it was not ineffective assistance of counsel to make this tactical decision. *State v. Clemons*, 2004 WL 720142, *4 (Kan. Ct. App. Apr. 2, 2004).

murdering a prison guard in Kansas.  We have "previously rejected a habeas petitioner's request for equitable tolling when the petitioner merely alleged that his transfer to another state's prison prohibited him from access to the relevant statutes and case law." *Lucero v. Suthers*, 16 F. App'x 964, 965 (10th Cir. 2001) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).  Because Clemons was "unspecific about either the lack of access or how it affected his ability to file a timely petition," *id.*, we conclude he is not entitled to equitable tolling.

### III.  Conclusion

For the foregoing reasons, we conclude Clemons's federal habeas petition was untimely, and that he has not demonstrated his circumstances warrant equitable tolling.  Therefore, we DENY a COA and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge