No. 59,066

CLAYTON F. HUGHES, Administrator of the Estate of Clayton F. Hughes, Jr., deceased; and Clayton F. Hughes, Administrator of the Estate of Shirley K. Hughes, deceased, *Plaintiff/Appellee,* v. LYNN E. MARTIN, Administrator of the Estate of Michael W. Baldwin, deceased, *Defendant/Appellant.*

(729 P.2d 1200)

Opinion filed December 5, 1986.

*Karl V. Shawver, Jr.,* of Shawver & Shawver, of Paola, argued the cause and was on the brief for the appellant.

*Lee H. Tetwiler,* of Bishop & Lee, of Paola, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a wrongful death action brought by Clayton F. Hughes, as administrator of the estate of Clayton F. Hughes, Jr., deceased, and in his capacity as administrator of the estate of Shirley K. Hughes, deceased. The defendant is Lynn E. Martin, administrator of the estate of Michael W. Baldwin, deceased. The facts in the case are undisputed and are as follows: The plaintiff's son, Clayton F. Hughes, Jr., was killed on May 29, 1983, in a collision between an automobile and a freight train in Miami County, Kansas. At the time of the collision, plaintiff's son was riding as a passenger in an automobile driven by the defendant, Michael W. Baldwin, now deceased. There is no question of liability involved in this case. The defendant had the minimum liability insurance coverage of $25,000.

Attempts were made to settle the case which were not successful. When it appeared to the plaintiff that the statute of limitations was about to run, he took legal action. On May 17, 1985, the plaintiff caused the estate of Shirley K. Hughes to be

opened in the district court of Miami County and was appointed administrator of the estate. On May 21, 1985, the plaintiff filed this action in the district court of Miami County. On May 21, 1985, the clerk of the district court prepared a summons for service and delivered the same to the Miami County Sheriff.

The initial praecipe for summons bore the caption "Clayton F. Hughes, Admin. of the estate of Clayton F. Hughes, Jr., deceased, et al. Plaintiff vs. Lynn E. Martin, Administrator of the estate of Michael W. Baldwin, deceased, Defendant." The actual summons issued by the District Court of Miami County was captioned "Clayton F. Hughes, Admin. vs. Lynn E. Martin, Admin." and was directed to "the above-named Defendant: Lynn E. Martin, Admin., 117 S. Pearl, Paola, Kansas 66071." The summons, along with a copy of the petition, which properly identified the parties, was served "upon the defendant Lynn Martin" by delivery to his secretary. It appears clear that the statement on the return that the summons and petition were served "upon the defendant Lynn Martin" can only refer to "Lynn E. Martin, Admin." as named in the summons itself. Thus, the return of the sheriff obviously purports to serve the proper defendant.

On June 10, 1985, defendant Martin, as administrator, filed an answer on behalf of the defendant estate. The answer consisted of a general denial of negligence and alleged as a defense that Clayton F. Hughes, Jr., was negligent and that his negligence caused or contributed to the accident and his death. The answer also asserted the defenses that the court lacked jurisdiction over the matter, insufficiency of process, insufficiency of service of process, and that the petition failed to state a cause of action upon which relief could be granted.

On August 9, 1985, a discovery conference was held where the possibility of a settlement was discussed. The defendant requested additional time to discover facts to support and prepare his liability defense. At that conference, the defendant made no mention of his alleged defense of insufficiency of process. The trial court then gave the defendant until October 31, 1985, to pursue discovery. The court set a pretrial date of November 1, 1985, and notified the parties that it expected this matter to be tried in early December, 1985.

After the 90-day period provided for service of process in

K.S.A. 60-203(a)(1) had expired, and shortly before the pretrial, plaintiff received defendant's pretrial questionnaire and learned of the defendant's intention to vigorously pursue the irregularity in the service of process upon the defendant. At the pretrial conference held on October 31, 1985, the defendant raised the question of the sufficiency of service on the defendant. Following arguments of counsel, the trial court made an adjudication pursuant to K.S.A. 60-203(b), holding that: (1) the return of service of summons indicates that Lynn E. Martin was not served as administrator of the estate of Michael W. Baldwin, deceased; (2) Lynn Martin was not served personally; and (3) there was an irregularity in the process upon the defendant and, as a result, this service of process was defective.

The trial court directed plaintiff to attempt new service upon the defendant within the 90-day period authorized by K.S.A. 60-203(b).

On November 1, 1985, an alias summons was prepared by the clerk of the district court and delivered to the sheriff's office for service upon Lynn E. Martin, administrator of the estate of Michael W. Baldwin, deceased. On November 5, 1985, the return of the service of alias summons was filed with the clerk of the district court indicating that the undersheriff had served Lynn E. Martin, as administrator of the Baldwin estate, personally on the first day of November, 1985.

On November 6, 1985, the defendant filed a motion requesting the court to reconsider its order permitting the plaintiff to obtain new service upon the defendant. On January 13, 1986, the court denied the defendant's motion to reconsider. The defendant took a timely interlocutory appeal, and the case was assigned to the Supreme Court.

The basic issue presented on appeal is one of statutory interpretation and requires the court to construe K.S.A. 60-203 and K.S.A. 60-204, which provide as follows:

"**60-203. Commencement of action.** (a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

"(b) *If service of process or first publication purports to have been made*

within the time specified by subsection (a)(1) but is later adjudicated to have been invalid due to *any irregularity in form or procedure or any defect in making service,* the action shall nevertheless be deemed to have been commenced by the original filing of the petition *if valid service is obtained or first publication is made within 90 days after that adjudication,* except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

"(c) The filing of an entry of appearance shall have the same effect as service."

"**60-204. Process, generally.** The methods of serving process as set forth in article 3 of this chapter shall constitute sufficient service of process in all civil actions and special proceedings, but they shall be alternative to, and not in restriction of different methods specifically provided by law. *In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected."*

The issue to be determined is whether, under the undisputed facts, the trial court erred in holding that K.S.A. 60-203(b) was applicable and extended the time for obtaining proper service on Lynn E. Martin as administrator. It is undisputed that the defects in the original service of process were twofold:

(1) Lynn E. Martin was served as an individual and not as the administrator of the estate of Michael W. Baldwin, deceased;

(2) Lynn E. Martin's secretary was served at his law office in Miami County, not Lynn E. Martin personally.

In his brief, counsel for the defendant includes two questions stated in the following language:

(1) "Does the 're-serve' provision of sub-section (b) of KSA 60-203 apply to a factual situation where the praecipe or request for summons is made for service upon 'Lynn E. Martin, 117 S. Pearl, Paola, Kansas' and service is had and made upon 'Lynn Martin by delivering to secretary, Jean Croan,' and the defendant named in the suit was 'Lynn E. Martin, Administrator of the Estate of Michael W. Baldwin, deceased'?"

(2) "Does KSA 60-203(b) enacted in 1983 repeal the 'substantial compliance' requirements of KSA 60-204?"

Simply stated, the defendant maintains that the original service upon Lynn E. Martin, as an individual, was irregular, defective, and insufficient to serve notice of suit upon the true defendant, Lynn E. Martin, as administrator of the estate of Michael W. Baldwin, deceased. Defendant contends that there was no *purported service* upon Lynn E. Martin as administrator; that contrary to the requirement of K.S.A. 60-204, there was no *substantial* compliance with the methods of service of process

authorized by Article 3 of Chapter 60; that the service upon Lynn E. Martin, *individually*, not only was irregular, defective, and insufficient as found by the court but was in fact a *nullity* as to *Lynn E. Martin, administrator*, and constituted "no service" upon the administrator. Counsel for the defendant further contends that, there having been no service of process upon Lynn E. Martin, administrator, as required by K.S.A. 60-203(a), the reserve provisions of K.S.A. 60-203(b) do not and cannot apply, and the trial court's ruling permitting re-service should be set aside because the action was never commenced within the statutory period of limitations. The statute has run and the provisions of K.S.A. 60-203 do not allow a refiling. The defendant urges this court to hold that the case should be reversed and remanded with directions to dismiss the plaintiff's action.

The plaintiff takes the position that the 1983 amendment to K.S.A. 60-203 was for the express purpose of correcting the injustice which existed as a result of *Bray v. Bayles*, 228 Kan. 481, 618 P.2d 807 (1980); *Briscoe v. Getto*, 204 Kan. 254, 462 P.2d 127 (1969); and *Dunn v. City of Emporia,* 7 Kan. App. 2d 445, 643 P.2d 1137, *rev. denied* 231 Kan. 799 (1982). In those cases, where the service was found to be defective, it was held that the running of the statute of limitations was not tolled although the defendant gained knowledge of the pendency of the action through the faulty process. In each case, the defendant appeared in the case but did not seriously raise the issue of improper service until after the 90-day period for obtaining service had expired. Plaintiff maintains that K.S.A. 60-203(b) was enacted for the express purpose of remedying the injustice brought about by prior Kansas case law.

In this regard, we note the comments of Spencer A. Gard in 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-203 (1986 Supp.) in regard to the 1983 amendment to K.S.A. 60-203:

"Subsection (b) is new by virtue of 1983 amendment. Its purpose is to save from disaster on account of the running of the statute of limitations such situations as existed in Briscoe v Getto, 204 K 254, 462 P2d 127; Bray v Bayles, 228 K 481, 618 P2d 807; and Dunn v City of Emporia, 7 K App 2d 445, 643 P2d 1137, where service was held to be defective and the running of the statute not tolled although the defendants had actual knowledge of the pendency of the action through the faulty process. The amendment is in keeping with the spirit of the original code provisions, particularly in the light of section 60-204, and really should not have been necessary except for conflicting appellate court views."

A similar comment on 60-203(b) may be found in 1 Vernon's Kansas C. Civ. Proc. § 60-203 (1984 Supp.):

"The more significant change is the addition of subsection (b) which will reduce the instances in which defective service of process will result in actions being barred by the statute of limitations. The problem under the former law may be illustrated as follows: Shortly before the expiration of the statute of limitations, a petition is filed in an action against an individual defendant. Process is delivered to defendant's secretary at defendant's business office. Such service does not comply with K.S.A. 60-304(a) because the secretary is not an agent specially designated for service of process. More than 90 days after the petition was filed and after the statute of limitations has run defendant raises insufficiency of service of process as a basis for dismissing the action. Following dismissal of the action, plaintiff obtains proper service of alias process upon defendant. Under former law the action was commenced when alias process was served rather than when the petition was filed and defendant could assert a valid statute of limitations defense. See e.g. Haley v. Hershberger, 1971, 207 Kan. 459, 485 P.2d 1321; Bray v. Bayles, 1980, 4 Kan. App. 2d 596, 609 P.2d 1146, reversed in part on other grounds, 1980, 228 Kan. 481, 618 P.2d 807; Briscoe v. Getto, 1969, 204 Kan. 254, 462 P.2d 127; Dunn v. City of Emporia, 1982, 7 Kan. App. 2d 445, 643 P.2d 1137.

"Under the 1983 amendment, the statute of limitation will not defeat plaintiff's action if plaintiff acts promptly after the dismissal for insufficiency of service of process. If plaintiff purports to have made timely service which is subsequently adjudged invalid, the action will still be considered commenced when filed if plaintiff makes service of process within 90 days after that adjudication, or within 120 days of that adjudication if the Court allows additional time upon a showing of good cause."

We have concluded that, under the factual circumstances present in this case, the trial court correctly interpreted and applied K.S.A. 60-203(b). K.S.A. 60-102 specifically provides that the provisions of the Kansas Code of Civil Procedure shall be liberally construed to insure the just determination of every action or proceeding. Under that section, we must construe K.S.A. 60-203(b) liberally to secure the just determination of the action now before us. K.S.A. 60-203(b) states that, if service of process *purports to have been made* within the time specified by (a)(1) but is later adjudicated to have been invalid due *to any irregularity* in form or procedure or *any defect* in making service, the action shall nevertheless be deemed to have been commenced if valid service is made within 90 days *after that adjudication.*

Black's Law Dictionary 1112 (5th ed. 1979), defines the verb "purport" to mean "to have the appearance of being." K.S.A. 60-203(b) is also declared to be applicable to any situation where

the original service was invalid due to *"any irregularity"* in form or procedure or *any defect* in making service. The use of the word *any* makes crystal clear the legislative intent that the statute is to be liberally applied in cases involving *any irregularity* or *any defect* in the service of process.

K.S.A. 60-203(b) originated as an amendment to the Kansas Civil Code proposed by the Kansas Judicial Council, which obviously was concerned about the situation brought about as the result of the decisions of this court in *Bray v. Bayles*, 228 Kan. 481; *Briscoe v. Getto*, 204 Kan. 254; and *Dunn v. City of Emporia*, 7 Kan. App. 2d 445. We have no hesitancy in holding that, under the particular factual circumstances in this case, the trial court did not err in holding that K.S.A. 60-203(b) was applicable and in extending the time for obtaining proper service upon the defendant.

The judgment of the district court is affirmed.