(83 P.3d 1243)
No. 90,176

NOREEN COOK, *Appellee*, v. MICHAEL COOK, *Appellant*.

Opinion filed November 21, 2003.

*Constance L. Shidler* and *Lee M. Smithyman*, of Smithyman & Zakoura, Chartered, of Overland Park, and *David J. Roberts*, of Case & Roberts, P.A., of Kansas City, Missouri, for the appellant.

*Russell B. Cranmer*, of Associated Attorneys of Pistotnik Law Offices P.A., of Wichita, for the appellee.

Before JOHNSON, P.J., GREEN, J., and BRAZIL, S.J.

BRAZIL, J.: Michael Cook appeals the denial of his motion to dismiss the negligence action filed by his wife, Noreen Cook. He contends the court erred by denying his motion because the action was barred by the statute of limitations.

We agree and reverse.

Noreen incurred injuries as a passenger in a vehicle driven by Michael on March 14, 2000. On March 7, 2002, she filed a petition seeking damages in excess of $75,000, alleging that Michael's negligence caused the accident resulting in her injuries. On May 30, 2002, the petition, interrogatories, and request for production of documents were sent to Michael by certified mail.

On July 17, 2002, Michael's counsel filed a special entry of appearance in order to present a motion to dismiss and the accompanying memorandum. In the memorandum, Michael argued Noreen had not procured nor served a valid summons in order to commence the lawsuit. Due to Noreen's failure to properly serve him, Michael concluded the lawsuit had not commenced within the applicable 2-year statute of limitations. On July 18, 2002, the district court granted the motion to dismiss, agreeing Noreen's action was barred by the statute of limitations.

In response to Michael's allegation, Noreen obtained personal service on Michael on July 17, 2002. An affidavit was filed on July 29, 2002, indicating that a summons, petition, interrogatories, and request for production of documents were served to Michael on July 17, 2002. Additionally, Noreen alleged that service of process had been completed in compliance with K.S.A. 2002 Supp. 60-303. Noreen's counsel alleged Michael had personally contacted Noreen's counsel to confirm receipt of the petition, interrogatories,

and request for production shortly after they were mailed on May 30, 2002. Noreen attached a copy of the certified mail receipt stamped May 30, 2002.

Subsequently, on August 5, 2002, the district court set aside the journal entry dismissing the cause of action, and scheduled a hearing to address the motion. At the hearing, Michael testified the first mailing he received was on June 30, 2002. He confirmed the mail carrier left the return receipt request in the mail box rather than returning it to show that he had received the documents. Next, Michael testified he received documents on July 17, 2002. After being reminded of evidence indicating that he had forwarded the documents he received to his insurance carrier on June 10, 2002, Michael testified he received the petition on May 30 or June 1, 2002.

Noreen testified she resided with Michael in May and June of 2002. She stated she sent the documents via certified mail and received the documents in the mail on June 1 with the green return receipt still attached to the envelope. After Michael filled out the documents, he asked Noreen to call her attorney and inquire what he should do with the documents.

The district court found Noreen had substantially complied with the intent of the laws governing service of process. Therefore, the district court denied the motion to dismiss. Upon hearing the district court's decision, counsel for Michael immediately requested permission from the court to file an interlocutory appeal, which the trial judge denied.

At trial, Michael's counsel renewed his motion to dismiss, which was again denied for the same reasons as stated in the earlier journal entry. Judgment was entered against Michael in the tort action on January 7, 2003.

Interpretation of a statute is a question of law, for which an appellate court's review is unlimited. *Williamson v. City of Hays,* 275 Kan. 300, 305, 64 P.3d 364 (2003). Accordingly, this court also exercises plenary review on questions regarding the interpretation and application of a statute of limitations. *Dougan v. Rossville Drainage Dist.,* 270 Kan. 468, 472, 15 P.3d 338 (2000). The statute of limitations is an affirmative defense. Although the burden of

pleading and proving its applicability rests on the defendant, the plaintiff bears the burden of proving facts sufficient to toll the statute of limitations. *Slayden v. Sixta*, 250 Kan. 23, 26, 825 P.2d 119 (1992).

Michael contends the district court erred in refusing to grant his motion to dismiss because Noreen, by failing to issue the summons within the required time period, did not commence the lawsuit prior to the running of the statute of limitations. The applicable statute of limitations is 2 years. See K.S.A. 2002 Supp. 60-513(a)(2); *Slayden*, 250 Kan. at 24 (2 years is the time in which to file suit for injuries incurred in an accident). The accident occurred "on or about March 14, 2000"; thus, Noreen seemingly had until March 14, 2002, to file her cause of action, or the filing must somehow relate back to that date in order for it to have been timely filed. See *Grimmett v. Burke*, 21 Kan. App. 2d 638, 641, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996).

At issue is whether Noreen commenced the lawsuit in compliance with K.S.A. 60-203(a), which states:

"A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)."

The court is required to give effect to the intention of the legislature as expressed when a statute is plain and unambiguous, rather than determine what the law should or should not be. *Williamson*, 275 Kan. at 305. The language of K.S.A. 60-203(a) is clear and unambiguous, affording a petitioner two ways in which to commence a civil action.

A petitioner may commence a suit by filing a petition on the last day allowed by the statute of limitations. The petitioner then receives 90 days, or 120 days if so extended by the court, to serve process on the defendant. K.S.A. 60-203(a)(2) provides that if service is not made within 90 days of the filing of the action (or 120 days if extended by the court), then the action is deemed com-

menced on the date of service of process. *Lindenman v. Umscheid,* 255 Kan. 610, 632, 875 P.2d 964 (1994).

Here, the petition was filed on March 7, 2002; thus, Noreen had until June 5, 2002, in which to serve Michael. The record does not indicate, nor does Noreen contend, that an extension was requested within the relevant 90-day period. See *Read v. Miller,* 247 Kan. 557, 563, 802 P.2d 528 (1990) ("[O]nce the 90-day period has expired, there is nothing to extend, and no period to prolong."). The petition, interrogatories, and requests for production were sent by certified mail to Michael on May 30, 2002, within the 90-day time period; however, the summons was not issued until July 17, 2002, 132 days after the petition was filed.

Noreen claims Michael testified he believed he received a summons with the documents sent by certified mail on May 30, 2002. K.S.A. 60-301 stipulates that the clerk, upon filing of the petition, shall issue a summons for service. In addition to the record clearly reflecting that no summons was issued when the petition was filed on March 7, 2002, the appearance docket also indicates that the summons was issued on July 17, 2002. Based on the affidavit indicating service on July 17 and as noted in the appearance docket, the district court found the summons was first issued on July 17, 2002. Substantial competent evidence supports the district court's determination; thus, it will not be disturbed by this court on appeal. See *Grimmett,* 21 Kan. App. 2d at 642-43.

## Personal Jurisdiction

Because Noreen failed to issue a summons before the statute of limitations ran, Michael further contends the judgment entered against him is void as the court lacked personal jurisdiction over him. See *Automatic Feeder Co. v. Tobey,* 221 Kan. 17, 21, 558 P.2d 101 (1976) (a judgment is void if the court that rendered it lacked personal jurisdiction of the parties). A defendant does not normally become a party to the action until he or she is served with the summons. *In re Marriage of Welliver,* 254 Kan. 801, 803, 869 P.2d 653 (1994). A summons is the means by which the defendant "is afforded the opportunity to appear before and be heard by the court. It is this notice which gives the court jurisdiction to proceed.

See 62 Am Jur. 2d, Process § 2." *State ex rel. Stephan v. Kansas House of Representatives*, 236 Kan. 45, 50, 687 P.2d 622 (1984).

Notably, Michael did not raise the defense of lack of personal jurisdiction in his motion to dismiss. See K.S.A. 60-212(h) (defense of lack of personal jurisdiction is waived if omitted from a motion or not included in a responsive pleading). However, at the hearing on the motion, counsel for the defendant argued that the only way to acquire personal jurisdiction over a party was through a statutorily prescribed method for issuance and service of process. Although the district court had the opportunity to review the argument below, Michael's sole argument in his motion to the court, which resulted in the district court's initial order dismissing the case, was based on the running of the statute of limitations.

## Did the District Court Err in Determining Noreen Substantially Complied With the Intent of the Statute Requiring Service of Process?

Noreen maintains the court appropriately found that she substantially complied with the statutes governing service of process. K.S.A. 60-204 states that the methods of serving process, set forth in K.S.A. 60-301 *et seq.*, constitute sufficient process. Different methods which are specifically provided for by law are also permissible. Importantly, K.S.A. 60-204 also states:

"In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected."

The district court determined that Noreen's mailing of the petition, interrogatories, and requests for production of documents on May 30, 2002, constituted "substantial compliance with the intent of the statute requiring service of process." Receipt of the documents on June 1, 2002, provided Michael with "actual or constructive notice" that a petition had been filed. Because the petition was served within 90 days of filing the case and Michael had notified his insurance carrier, which took appropriate action, he had not been prejudiced. The court found, therefore, that Noreen's

cause of action commenced on the date of filing and the matter had been timely filed.

Kansas law does not support the district court's determination that "actual or constructive notice" that a petition has been filed is sufficient to overcome the plaintiff's failure to serve the defendant with a summons. Our Supreme Court has stated that actual knowledge of the pendency and the nature of an action is not a substitute for service. "Notice or knowledge must come from process of service, or there must be a valid waiver." *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999). The court's position is compatible with commentary from 1 Gard and Casad, Kansas Code of Civil Procedure Annotated 3d § 60-204, p. 2-18 (1997):

"Proof of the fact that a party had actual knowledge of the pendency of an action against him and of its nature is not a substitute for service. Notice or knowledge must come from process itself (or valid waiver), and the summons must bear the minimum emblems of authenticity. But a rule of liberal construction is expressly established in keeping with such decisions as *Kunz v. Lowden,* 124 F.2d 911 [10th Cir. 1942]. Awareness of the pendency of the action or proceeding in a specified court must result from 'such service of process,' and if awareness is apparent or established, irregularities and omissions do not invalidate the service."

Noreen's contention that substantial compliance does not require issuance of a summons is likewise unsupported by relevant statutes. For service by certified mail, as used in the instant case, K.S.A. 2002 Supp. 60-303(c)(2) states a plaintiff should cause a *copy of the process* and petition or other document to be mailed in compliance with the statute. Thereafter, the "original return of service shall be filed with the clerk, along with a copy of the return receipt evidencing such delivery." K.S.A. 2002 Supp. 60-303(c)(4). It is only upon receipt of service of *"the summons and* the petition" that a defendant is required to serve his or her answer. (Emphasis added.) K.S.A. 60-212. If the defendant fails to file an answer or to appear within the time specified in *the summons,* upon proof of service as provided by law, a judgment by default can be taken against the defendant for the relief demanded in the petition. See K.S.A. 2002 Supp. 61-3301(a)(1) (replacing K.S.A. 61-1721, repealed January 1, 2001).

Briefly, the appearance docket does not reflect that a return on service was filed for the May 30, 2002, mailing. Noreen's counsel stated no return receipt was received from the May 30 certified letter, instead relying on the telephone call from Noreen indicating that Michael had received the petition, interrogatories, and request for production of documents. Again, the first entry in the court record for the issuance of a summons was July 17, 2002.

Michael cites *Jenkins v. City of Topeka,* 958 F. Supp. 556, 561 (D. Kan. 1997), *rev'd on other grounds* 136 F.3d 1274 (10th Cir. 1998), in support of his argument concerning the vital step of service of a summons. In *Jenkins,* a "Notice and Acknowledgment for Service by Mail" form, a "Notice of Lawsuit and Request for Waiver of Service of Summons" form, a "Waiver of Service of Summons" form, and a copy of the complaint were mailed to defendants. 958 F. Supp. at 558. No summons accompanied the documents. The parties did not dispute that the defendants had not been properly served under Kansas law. 958 F. Supp. at 558. On review, the Tenth Circuit did not reach application of K.S.A. 60-203(b), finding instead that service of process had been properly effected pursuant to K.S.A. 60-203(c) when counsel entered his appearance on defendants' behalf. 136 F.3d at 1276.

Noreen contends that *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 593 P.2d 406 (1979), and *In re Marriage of Powell,* 13 Kan. App. 2d 174, 766 P.2d 827 (1988), *rev. denied* 244 Kan. 737 (1989), provide support for her contention that she substantially complied with the statute. However, the issue of substantial compliance in both cases cited by Noreen did not involve the complete absence of a summons. In *Chee-Craw,* a summons had been issued, along with the complaint. 225 Kan. at 563; see also *Bray v. Bayles,* 228 Kan. 481, 485, 618 P.2d 807 (1980) (stating *Chee-Craw* is not applicable to personal service "on an *individual*"); K.S.A. 60-212. In *In re Marriage of Powell,* personal service was also made on the defendant. The issue of substantial compliance was not considered as the court found the defendant had voluntarily appeared and testified before the court, failing to raise the defense of personal jurisdiction at every stage of the case, in-

cluding on appeal, thereby waiving the issue of personal jurisdiction. 13 Kan. App. 2d at 178.

In conclusion, Noreen did not serve Michael as the statutes required. Here, service on Michael was not merely irregular or defective but was a nullity. See *Hughes v. Martin*, 240 Kan. 370, 373-74, 729 P.2d 1200 (1986). The fact that Michael had actual knowledge of the suit and did not suffer prejudice does not mean there was substantial compliance under K.S.A. 60-204, and the district court erred in so finding.

## Does K.S.A. 60-203(b) Apply?

"If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff." K.S.A. 60-203(b).

In *Grimmett,* this court applied K.S.A. 60-203(b) to circumstances wherein service had been declared invalid by the district court for failing to serve on the proper address. 21 Kan. App. 2d at 644. The court held that before it can be said "service has 'purported to have been made,' it must be shown that a defendant was given actual notice of having been sued." 21 Kan. App. 2d at 647. Further, the following factors should exist:

"(1) The original service must have 'appeared' to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service." *Grimmett*, 21 Kan. App. 2d at 647-48.

In applying the *Grimmett* factors to his case, although Noreen told her counsel during a telephone conversation that Michael had received some documents, there is no support in the court records of the validity of the original service upon which Michael could have relied in good faith. Noreen cannot contend that original service appeared valid, as the appearance docket reflects that a sum-

mons had not been issued in the case until the statute of limitations ran. Additionally, no return of service was filed with the court suggesting that service was valid.

In short, although Michael has shouldered the burden of proving the applicability of the statute of limitations in the instant case, Noreen has failed to prove facts sufficient to toll the running of the statute. K.S.A. 60-204 and K.S.A. 60-203(b) do not apply, and the district court erred in failing to dismiss Noreen's action as being barred by the statute of limitations.

Reversed.