(141 P.3d 511)
No. 93,927

THE ESTATE OF MELVIN NORRIS, By and Through Its Duly Appointed Administrator, LORIE L. NORRIS, *Appellant*, v. MANDY HASTINGS, *Appellee*.

Opinion filed September 1, 2006.

*Steven C. Day, Chris S. Cole*, and *Nancy Ogle*, of Woodard, Hernandez, Roth & Day, LLC, of Wichita, for appellant.

*Gerald L. Green* and *Melissa A. Moodie*, of Gilliland & Hayes, P.A., of Hutchinson, for appellee.

Before RULON, C.J., ELLIOTT, J., and KNUDSON, S.J.

RULON, C.J.: Plaintiff Melvin Norris appeals the district court's decision granting defendant Mandy Hastings' summary judgment motion, finding that plaintiff's claim was barred by the statute of limitations because valid service was not timely obtained. We affirm.

## Underlying Procedural Facts

The underlying claim involves a personal injury suit stemming from an automobile collision on April 27, 2000, between plaintiff and defendant. The accident report indicated that defendant's address was 1531 Eastland Drive, Hutchinson, Kansas, which was the address listed on defendant's driver's license at the time of the incident.

On March 22, 2002, plaintiff filed suit against defendant and requested a summons be issued serving defendant at 1531 Eastland Drive, Hutchinson, Kansas. On March 28, 2002, a copy of the summons and petition was left at the above address by the sheriff's office. Additionally, on April 11, 2002, a notice of service was mailed to the same address stating a copy of the summons and petition had been left at that address.

However, defendant and her family no longer lived at that address on March 22, 2002. The current tenants gave the petition and summons to defendant's mother. Defendant's mother called, informed defendant of the lawsuit, and mailed the petition and summons to defendant in Arizona.

On April 17, 2002, defendant filed an answer denying she lived in Reno County, Kansas. Defendant's answer specifically raised the affirmative defenses of insufficient process and insufficiency of service of process.

On April 11, 2003, defendant moved for summary judgment under K.S.A. 60-203(a) on the grounds plaintiff's suit was barred by the statute of limitations because plaintiff had failed to serve defendant within 90 days of filing the petition. Plaintiff filed a response requesting the district court stay plaintiff's motion and schedule a hearing on the issue of the sufficiency of the service of process.

On November 10, 2003, the district court found plaintiff's initial service on defendant was invalid and defective. Defendant renewed her summary judgment motion.

On November 1, 2004, the district court filed a memorandum decision adopting defendant's proposed findings and conclusions in total and granting defendant summary judgment. The court found plaintiff's action did not commence until after the expiration of the statute of limitations because plaintiff failed to properly serve defendant within 90 days of filing the petition. The court further found K.S.A. 60-203(b) did not apply to correct the deficiency of service.

## Application of K.S.A. 60-203(b)

On appeal, plaintiff challenges the district court's decision to grant defendant's summary judgment motion. The parties agree

there is no dispute over the material facts in this case. The parties agree the district court's decision was based on its interpretation and application of K.S.A. 60-203(b). Consequently, this court exercises de novo review. *Roy v. Young*, 278 Kan. 244, 247, 93 P.3d 712 (2004) (where there is no factual dispute, appellate review of an order regarding summary judgment is de novo).

This case involves a personal injury claim against the defendant. The statute of limitations on such a claim is 2 years. K.S.A. 60-513. Because the incident on which the claim is based occurred on April 27, 2000, plaintiff's civil action must have "commenced" prior to April 27, 2002, or somehow relate back to a date prior to April 27, 2002, in order to have been timely filed. See K.S.A. 60-203(a); K.S.A. 60-513; *Grimmett v. Burke*, 21 Kan. App. 2d 638, 641, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996).

A civil action commences on the date a petition is filed with the clerk of the court, so long as there is a valid service of process within 90 days of the filing. K.S.A. 60-203(a)(1). Otherwise, the action commences upon the date of a valid service of process unless K.S.A. 60-203(b) applies, allowing the action to relate back to the date the petition was originally filed. K.S.A. 60-203(a)(2).

K.S.A. 60-203(b) provides:

"If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff."

In *Grimmett*, this court recognized that K.S.A. 60-203(b) should be liberally construed. 21 Kan. App. 2d at 647. It also held:

"[B]efore it can be said that service has 'purported to have been made,' it must be shown that a defendant was given actual notice of having been sued. We also conclude that the following factors should exist: (1) The original service must have 'appeared' to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but

had no opportunity to take steps to correct the defective service." 21 Kan. App. 2d at 647-48.

In *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 101, 106 P.3d 492 (2005), the Kansas Supreme Court recognized that the *Grimmett* factors "limit the application of K.S.A. 60-203(b) in accordance with the legislature's intent to give parties a second chance at service only when the original service was declared invalid despite the fact that it gave the defendant actual notice of suit." 279 Kan. at 101-02. The Kansas Supreme Court adopted the *Grimmett* factors and held that they should be utilized to determine if K.S.A. 60-203(b) applies when the district court has adjudicated a plaintiff's improper service of process defense on the merits. 279 Kan. at 102 (citing *Yoh v. Hoffman*, 29 Kan. App. 2d 312, 315, 27 P.3d 927, *rev. denied* 272 Kan. 1423 [2001]).

On August 27, 2002, plaintiff's counsel and defendant's counsel had a telephone conference. Defendant's counsel informed plaintiff's counsel about the legal issue involved with the attempted service of process and that defendant did not live in Kansas. Later that day, defendant's counsel provided plaintiff's counsel with defendant's current address. Plaintiff issued an alias summons which was served on defendant on August 30, 2002.

Eventually, the district court found K.S.A. 60-203(b) did not apply. The court found that although defendant received notice of the lawsuit from the attempted March 28, 2002, service, the service was not valid. This record shows the returned envelope containing the April 18, 2002, notice of service indicated the service was not valid. Furthermore, the district court found plaintiff could not believe in good faith that service was valid. Finally, the court found plaintiff had reason to believe defendant was contesting service before the statute of limitations had run and while there was still an opportunity to correct any defective service.

The district court found valid service was not obtained until November 25, 2003, the date plaintiff served defendant with an alias summons. Pursuant to K.S.A. 60-203(a), the action commenced on November 25, 2003, well beyond the April 27, 2002, date on which the statute of limitations expired.

Plaintiff argues that *Hughes v. Martin*, 240 Kan. 370, 729 P.2d 1200 (1986), is controlling on this issue. *Hughes* instructs that K.S.A. 60-203(b) should be applied liberally "in cases involving any irregularity or any defect in the service of process." 240 Kan. at 376.

*Hughes* does not entirely control this issue. While K.S.A. 60-203(b) should be liberally construed to prevent actions from being barred based on good faith mistakes made as part of the service of process, our Supreme Court has recognized limits upon the statute's application. *Pieren-Abbott*, 279 Kan. at 101-02 (adopting the *Grimmett* factors).

Plaintiff argues that K.S.A. 60-203(b) is applicable even considering the *Grimmett* factors. Plaintiff notes that defendant did receive notice of the suit as a result of the initial service, as tenants at defendant's old address forwarded the petition and summons to defendant's mother who phoned defendant and mailed the information to defendant in Arizona.

Plaintiff argues he had a good faith belief that the service was valid. Plaintiff contends that even though defendant filed an answer denying that defendant lived in Reno County, Kansas, and asserted the affirmative defenses of insufficient process and insufficient service of process, there was nothing to indicate the initial service was not valid. Plaintiff argues that "matters relating to affirmative defenses are frequently set forth in answers filed by defendants to avoid inadvertent waiver of those defenses."

Plaintiff's arguments are not persuasive because plaintiff would have been able to see from the returned envelope filed with the court that defendant no longer lived at her previous address. Even without the envelope, defendant's answer gave a clear indication service was not valid, given defendant denied living in Kansas and defendant was raising the affirmative defenses of insufficient process and insufficient service of process. Plaintiff had sufficient time to correct any irregularities or deficiencies in the service of process or file for a 30-day extension to do so.

As the district court noted, even though defendant was notified of the suit based on the initial service, such did not diminish the reality that (1) the original service did not appear to be valid; (2)

plaintiff could not claim a good faith belief that service was valid; and (3) plaintiff had a reason to believe defendant was contesting service prior to the expiration of the statute of limitations. The district court did not err when refusing to apply K.S.A. 60-203(b) to prevent plaintiff's claim from being barred by the statute of limitations.

Affirmed.

KNUDSON, J.: I respectfully dissent. The result of the majority opinion is harsh and inconsistent with a liberal construction of K.S.A. 60-203(b). See *Hughes v. Martin*, 240 Kan. 370, Syl. ¶ 1, 729 P.2d 1200 (1986). Understandably, the majority relies on the holdings in *Grimmett v. Burke*, 21 Kan. App. 2d 638, Syl. ¶ 4, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996), ostensibly adopted by the Kansas Supreme Court in *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 101, 106 P.3d 492 (2005). I use the word "ostensibly" because the *holding* in *Grimmett* refers to "[o]ther factors to be considered in determining whether service was 'purported' to have been made," and not factors that must exist. See *Grimmett*, 21 Kan. App. 2d 638, Syl. ¶ 4. The language relied on by the *Pieren-Abbott* court is found in the body of the *Grimmett* decision, but not in the syllabus that is the actual holding of the court. See K.S.A. 20-111.

I believe on reconsideration the Kansas Supreme Court would conclude the *Grimmett* factors are just that and should not be applied in a formalistic and rigid manner to defeat service purportedly made by a party. As noted in *Hughes*, application of 60-203(b) is factual in nature. 240 Kan. at 376. A liberal and factual interpretation of a statute, which is exactly what the legislature intended, should not be defeated by inconsistent constructs no matter how well-intended. I submit it is inconsistent with legislative intent to hold the *Grimmett* factors must be present as a matter of law before 60-203(b) is found to be applicable.

In *Grimmett*, the court explained its construction of 60-203(b), stating:

"*Hughes v. Martin* establishes that 60-203(b) is to be liberally construed. It also indicates that the application of the statute is factual in nature. The court also

defines the verb 'purport' to mean 'to have the appearance of being.' As we understand the court's language, if service purports to have been made, it must appear to have been made.

"There are two ways to construe the statute, one is extremely liberal and the other appears to be a commonsense approach. A very liberal construction gives the plaintiff a second chance at service. It would establish that a plaintiff *always* gets a second chance under 60-203(b) when his or her original service has been determined invalid. This would be true no matter how inept or how lacking in good faith the original service may have been. In the extreme, a liberal approach of this nature would simply ignore the first service and extend the process far beyond applicable time frames. This approach would allow a party to simply leave a summons for John Doe at a bar, at a church, at Arrowhead Stadium, at the courthouse, or any other place and still insist that by doing so the party had 'purported' to serve a defendant. Such a liberal construction is ludicrous; we do not believe it was intended and will not adopt that approach. The purpose of 60-203(b) is to give a second chance at service to a party whose original service was declared invalid despite the fact that it gave the defendant notice of suit." 21 Kan. App. 2d at 647.

Here, we do not have attempted service at a drinking establishment, place of worship, or a sports venue. The plaintiff attempted residential service as authorized by law. K.S.A. 60-303(d). Thus, we are not faced with a "liberal construction [that is] ludicrous." The official accident report and the defendant's driver's license gave her residence as 1531 Eastland Drive, Hutchinson, Kansas. Under such circumstances, I do not conclude it defies the "appearance of being" for the plaintiff's attorney to request service of process at that address.

Moreover, the defendant did receive notice of the suit as a result of the purported service. In addition, the purported service did appear to be valid. The return was made by the sheriff, and the clerk of the district court mailed a copy of the return to the plaintiff's attorney in conformity with K.S.A. 60-312(d). Subsequently, there was no amendment of return as required in K.S.A. 60-313 that would have required the clerk of the district court to mail a copy of the amended return to the plaintiff's attorney. Instead, the returned envelope indicating unsuccessful service was filed away in the court file with no actual notice to the plaintiff's attorney. I refuse to accept these circumstances as substantial competent evidence that "service in this case did not appear valid and the returns

by the Sheriff indicated the service was not valid." The opposite is true—service did appear valid and there was no amended return as required by law.

The district court also held: "Under the uncontroverted facts of this case, Plaintiff had reason to believe that Defendant was contesting service before the statute of limitations had run and while there was still an opportunity to take steps to correct the defective service." The record on appeal discloses the defendant filed her answer on April 17, 2002, using boilerplate language to raise the affirmative defenses of insufficiency of process and insufficiency of service of process. I acknowledge the defendant's attorney respectfully disagreed with my characterization of the affirmative defenses as boilerplate; nevertheless, I stand on my belief most defense lawyers, many hired by insurance companies, with little or no personal contact with the insured, routinely include such averments in answering a petition. The defendant's answer, filed 10 days before the statute of limitations had run, is not substantial competent evidence of the plaintiff's reason to believe the defendant was making a substantial claim of improper service that defeats the reach of 60-203(b).

From the viewpoint of the plaintiff: (a) the defendant had actual notice of the lawsuit; (b) the original service looked good on its face; and (c) the clerk of the district court did not notify the plaintiff of any defect in service. The district court, and a majority of our panel, conclude service was not purportedly made because the plaintiff's attorney failed to review the court file and the defendant raised insufficiency of process and insufficiency of service of process in her answer. I do not believe either failure supports a conclusion of law that service of process was not purportedly made within the meaning of 60-203(b). As I have already indicated, the duty is on the sheriff to file an amended return, not done in this case, and on the clerk of the district court to send a copy of the amended return to the unsuspecting plaintiff. Finally, insertion of so-called boilerplate affirmative defenses by the defendant's attorney is not sufficient to place a competent attorney on notice that there is a serious deficiency in service of process.

In summary, the *Grimmett* factors should not be applied in a dogmatic fashion that turns liberal construction of 60-203(b) on its head and defeats purported service under 60-312(d). I would not apply the *Grimmett* factors exclusively to determine whether 60-203(b) is applicable. Alternatively, under the circumstances of this case, I do not conclude there is substantial competent evidence to support the district court's findings that 60-203(b) does not apply. In *Grimmett*, Judge Lewis, speaking for the court, was understandably concerned with an extreme liberal construction of the statute that would be ludicrous. 21 Kan. App. 2d at 647. Here, we have a factual pattern at the other extreme, and the result is an extreme conservative construction of the statute that effectively defeats the intent of the legislature. Accordingly, I must dissent.