**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUDY E. DAVIS, JR.,

        Plaintiff-Appellant,

v.

ZIANA LIESE, M.D.,

        Defendant-Appellee,

    and

SHAWNEE MISSION MEDICAL
CENTER, INC.; EM SPECIALISTS
P.A.; ROBERT L. PROSSER, JR.,
M.D.,

        Defendants.

No. 08-3326
(D.C. No. 2:07-CV-02323-EFM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rudy E. Davis, Jr. appeals the district court's determination that his medical malpractice claims against Ziana Liese, M.D., are barred by the statute of limitations because Dr. Liese was not timely served with process. Because Mr. Davis never received or filed an executed waiver of service and did not formally serve Dr. Liese before the statutory deadline, we affirm.[1]

## *Background*

The district court correctly chose to apply Kansas limitations provisions because the case was brought under diversity jurisdiction. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980) (concluding that "state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction."); *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945) (holding that state limitations periods govern state-law claims in a diversity case).

Mr. Davis's claims arise from the deaths of his wife and unborn child on January 25, 2006. Under Kan. Stat. Ann. § 60-513, he had two years from that date to commence his suit. Kansas deems a suit to have commenced as of the

---

[1] On December 11, 2008, this court identified a potential issue of appellate jurisdiction because Mr. Davis's claims against defendant Shawnee Mission Medical Center, Inc. had been dismissed without prejudice and thus remained viable in district court. The district court subsequently issued an order certifying its decision as to Dr. Liese as final under Fed. R. Civ. P. 54(b). The jurisdictional issue was referred to this panel. In light of the Rule 54(b) certification, we are satisfied that this court has jurisdiction to hear this appeal. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (en banc).

date the complaint is filed, so long as the defendants are served within ninety days of the filing. *See* Kan. Stat. Ann. § 60-203(a). But when service does not occur within that ninety-day period, it is the date of service, not the date of filing, which marks the commencement of the suit. *See id.*

Mr. Davis filed his original complaint, which did not name Dr. Liese as a defendant, in July 2007. On December 3, 2007, he filed an amended complaint including the claims against her.[2] As permitted by Fed. R. Civ. P. 4(d),[3] Mr. Davis, through his counsel, mailed her a request to waive service, along with a copy of the amended complaint. Dr. Liese testified in her deposition that she received and read the waiver packet, and that she signed something and handed it back to her office manager. She was not sure whether it was the waiver that she signed. It is undisputed, however, that the waiver never was returned to Mr. Davis or filed with the district court. Dr. Liese answered the amended complaint on December 17, 2007, asserting in her affirmative defenses "[t]hat Plaintiff's claims may fail due to improper service of process." Aplt. App. at 28.

---

[2]    Dr. Liese asserts that "the action against [her] was not commenced pursuant to Federal Rule of Civil Procedure 3" because the first amended complaint was filed shortly after the deadline for filing amended complaints, without Mr. Davis seeking leave to file out of time. Aplee. Br. at 24. But the district court expressly allowed Mr. Davis to file his first amended complaint out of time due to excusable neglect. Dr. Liese does not take issue with the finding of excusable neglect, so we do not further consider this argument.

[3]    Fed. R. Civ. P. 4 sets the standard for adequacy of service in federal court, even in a diversity case. *See Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965).

The ninety-day service period elapsed on Monday, March 3, 2008. On March 24, Dr. Liese moved for dismissal under §§ 60-513 and 60-203(a), arguing that she had not been served within the ninety-day period, so the suit had not commenced on or before January 25, 2008. The court issued a summons as to Dr. Liese on March 31, and Mr. Davis formally served her with the summons and a copy of the amended complaint. The court, however, agreed with Dr. Liese and granted judgment in her favor. Mr. Davis appeals.[4]

## *Analysis*

Mr. Davis argues that the district court erred in granting judgment to Dr. Liese because (1) she waived formal service of process by signing the waiver form; (2) she waived the defenses of insufficiency of service and the statute of limitations when she filed her answer; and (3) he is entitled to invoke the savings provision in Kan. Stat. Ann. § 60-203(b), under which the commencement date would still be the filing date. Our review of the district court's decision is de novo. *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).

*1.      Dr. Liese did not waive formal service of process.*

Mr. Davis argues that by receiving the waiver packet, reading it, signing the waiver, and handing it back to her office manager, Dr. Liese "in this case in fact had waived the formal service of process." Aplt. Br. at 25. We disagree.

---

[4]      The district court also granted judgment to defendants EM Specialists, P.A. and Robert L. Prosser, Jr., M.D. Pursuant to the parties' stipulation, this court dismissed these defendants from this appeal.

It is unclear whether Dr. Liese signed the waiver; her testimony was that she signed some document, but she did not recall whether it was the waiver. Ultimately, though, it does not matter whether it was the waiver that she signed. Rule 4(d) requires that the waiver be executed by the defendant, returned to the plaintiff, and filed with the court. Formal service is excused only upon the filing of the executed waiver. *See* Fed. R. Civ. P. 4(d)(4); *see also* Fed. R. Civ. P. 4, Adv. Comm. Notes, 1993 Amendments ("The revised rule is clear that, if the waiver is not returned and filed, . . . the action will not otherwise proceed until formal service of process is effected."). Mr. Davis misplaces his reliance on *Morse v. Elmira Country Club*, 752 F.2d 35, 40 (2d Cir. 1984), which held that service by mail under Fed. R. Civ. P. 4(c)(2)(C)(ii) was complete and effective even though defendant did not return the acknowledgment. Rule 4(c)(2)(C)(ii) was superseded by the 1993 amendments to Rule 4, which, as noted above, indicate that the waiver must be returned and filed to be effective. *See Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1362 (D.C. Cir. 2007). Because the waiver never was returned or filed with the court, there was no effective waiver of formal service in this case.

2.      *Dr. Liese did not waive her defenses when she filed her answer.*

Mr. Davis also argues that Dr. Liese waived the insufficiency-of-service and limitations defenses in two ways when she filed her answer. First, he contends that under Kansas law, the appearance of counsel has the same effect as

formal service of process. But we need not address this assertion. We have not found where Mr. Davis argued before the district court that counsel's appearance had the same effect as formal service, and arguments not raised in the district court are waived on appeal. *See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005).

Second, Mr. Davis argues that Dr. Liese's answer did not assert a statute of limitations defense. *See* Fed. R. Civ. P. 8(c), 12(b) (requiring defendants to assert affirmative defenses in responsive pleading). As the district court noted, when Dr. Liese filed her answer in December 2007, the limitations period had not expired. Therefore, at that time there was no limitations defense to be raised. The answer did raise the defense of service of process, and Dr. Liese promptly asserted the limitations defense once it came into existence. We agree that, under these circumstances, Dr. Liese did not waive either the process defense or the limitations defense. *Cf. Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987) (holding that failure to assert limitations defense in the answer did not result in waiver, where the defense was included in the pretrial order).

3. *The district court did not err in denying relief under Kan. Stat. Ann. § 60-203(b).*

Finally, Mr. Davis argues that he is entitled to a second chance for service under Kan. Stat. Ann. § 60-203(b), which retains the original commencement date "[i]f service of process . . . purports to have been made but is later adjudicated to

have been invalid due to any irregularity in form or procedure or any defect in making service[,]" so long as the plaintiff serves process within the ninety-day period following the adjudication.

To determine whether § 60-203(b) should apply, the district court applied the factors set forth in *Grimmett v. Burke*, 906 P.2d 156 (Kan. App. 1995). *Grimmett* held that "before it can be said that service has 'purported to have been made,' it must be shown that a defendant was given actual notice of having been sued." *Id.* at 164. In addition, there should exist three additional factors:

> (1) The original service must have "appeared" to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service.

*Id.* Analyzing these factors, the district court concluded that (1) there did not appear to be valid service because the materials sent to Dr. Liese did not include a summons, and specifically stated that the request for waiver was not a summons; (2) Mr. Davis could not believe in good faith that the request for waiver effectuated valid service, since it did not include a summons; and (3) Dr. Liese's answer put Mr. Davis on notice that she was contesting service, and he could have accomplished formal service before the limitations period expired. Thus, the district court declined to apply § 60-203(b). On appeal, Mr. Davis contends that

the *Grimmett* factors are inconsistent with the Kansas Supreme Court's interpretation of § 60-203(b).  He urges us to rely solely on *Hughes v. Martin*, 729 P.2d 1200, 1204 (Kan. 1986), in which the Kansas Supreme Court stated, "we must construe K.S.A. 60-203(b) liberally to secure the just determination of the action now before us."

We disagree that *Grimmett* is inconsistent with *Hughes*.  The Kansas Supreme Court has approved and adopted the *Grimmett* factors.  *See Pieren-Abbott v. Kan. Dep't of Revenue*, 106 P.3d 492, 504 (Kan. 2005); *see also Estate of Norris ex rel. Norris v. Hastings*, 141 P.3d 511, 513-14 (Kan. App. 2006) (recognizing that the Kansas Supreme Court had employed the *Grimmett* analysis and noting that *Hughes* was not entirely controlling).  Therefore, the district court did not err in employing the *Grimmett* analysis.  Further, we agree with the district court's analysis of the *Grimmett* factors and, for substantially the reasons stated by the district court, conclude that Mr. Davis is not entitled to proceed under § 60-203(b).  *See Pieren-Abbott*, 106 P.2d at 504 (holding that plaintiffs could not proceed under § 60-203(b) where there was no original service and they were informed that the defendant was contesting service before the service period expired); *Estate of Norris*, 141 P.3d at 514 (declining to apply § 60-203(b) where plaintiff failed to satisfy any of the *Grimmett* factors, even though defendant had actual notice of the suit due to the initial invalid service); *Cook v. Cook*, 83 P.3d 1243, 1248 (Kan. App. 2003) (declining to apply

§ 60-203(b) where plaintiff "cannot contend that original service appeared valid, as the appearance docket reflects that a summons had not been issued in the case until the statute of limitations ran"); *Grimmett*, 906 P.2d at 164 (declining to apply § 60-203(b) where plaintiff was aware that she had incorrect address and was advised within limitations period that defendant would contest service).

### *Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge